McAFEE v. GREEN.

(Filed December 18, 1906).

*Deed to Trustee—Surplusage—Trusts and Trustees—Substi-
tuted Trustee—Contingent Remainders—Private Sale.*

1. Where land was conveyed to a grantee "as trustee" with *habendum*
to "his own use and behoof," and no other use is declared than such
as would attach by operation of law, the deed reciting the pay-
ment of the purchase-money by the grantee, the word "trustee" is
surplusage, and a deed by the grantee, not signed as trustee, con-
veyed the legal and equitable title in fee, and upon his death there
was nothing left in him to vest in his heirs.

2. Under Rev., sec. 1037, where a trustee dies, all of the parties in
interest may join in a petition to the Superior Court to have a
new trustee appointed, and upon the passing of the decree the
substituted trustee holds the legal title upon the same trusts as
the original trustee—so far as it is competent for the Court to
confer them.

3. Under Rev., sec. 1590, upon the application of all the parties in
interest, the trustee representing contingent remaindermen, the
Court can direct a sale of the land, and the Court has power to
order the sale to be made privately, where it appears to·be pro-
motive of the interests of the parties.

CONTROVERSY without action, by Cora McAfee and others
against Natt Green and his wife, heard by *Judge O. H. Allen*
at the September Term, 1906, of the Superior Court of BUN-
COMBE.

This was a controversy submitted without action upon the
following agreed facts: On 6 May, 1889, C. E. Graham,
being the owner of the land in controversy, together with his
wife, executed deeds of conveyance therefor to W. L. McAfee,
as trustee. The *habendum* of said deed is in the following
words: "To have and to hold the above-described land and
premises, with all the appurtenances thereunto belonging or
in anywise appertaining, unto the said party of the second
part, his heirs and assigns, to the only use and behoof of him

and his said heirs and assigns forever." No other or further trusts were declared in said deeds.

On 26 September, 1889, the said W. L. McAfee, trustee, and his wife, Cornelia McAfee, executed to Platoff Zane a deed conveying said real estate in fee-simple, no trust being declared in said deed. That on 6 December, 1889, the said Platoff Zane, describing himself as trustee, executed a deed to the said W. L. McAfee, trustee, for the said real estate, upon the following trust, to-wit:

"But this conveyance is made in trust for the sole and separate use of the said Cornelia McAfee during her natural life, free from the control and disposal of her husband, the said William L. McAfee, except as herein provided, and so that the said property shall not be subject to the debts and liabilities of her said husband; and if the said William L. McAfee shall be living at the time of the death of the said Cornelia, then after her death, in trust for the said William L. McAfee during his natural life; and from and after the death of them, the said William and Cornelia, in trust for such of the daughters of the said Cornelia and William, namely, Blanche, the widow of Thomas C. Acheson, Mary, the widow of Sylvester M. Hamilton, and Cora McAfee, as shall then be living, and the children of such of them as might then be dead, that is to say, to each of them the said Blanche, Mary and Cora, who should be living at the time of the death of the survivor of them, the said William and Cornelia, an equal undivided share during her natural life, for her sole and separate use, free from the control and disposal of and not to be subject to the debts or liabilities of any future husband; but if at the time of the death of the survivor of them, the said William and Cornelia, or either of them, the said Blanche, Mary and Cora, should be dead, leaving a child or children then living, such child or children shall take and have absolutely in fee-simple the same share which his, her

or their mother would if then living have been entitled to as aforesaid for her natural life, and the share to which either of them, the said Blanche, Mary and Cora, may become entitled to as aforesaid, for her natural life, shall upon her death vest absolutely and in fee-simple in her child or children living at the time of her death, or if there should be no such child then living, in her heirs at law."

Power was conferred upon said trustee to sell and convey the property and hold the proceeds thereof upon the same trusts therein set out.

The said W. L. McAfee died during the year 1890. That thereafter the said Cornelia McAfee, Cora, Blanche Acheson, Cornelia Acheson, Maude Hamilton, Blanche Hamilton, and Mrs. Mary Hamilton duly filed their petition before the Clerk of the Superior Court of Buncombe County for the purpose of having a trustee appointed in lieu of the said W. L. McAfee. That pursuant thereto, the said Clerk made a decree appointing the said Cornelia McAfee trustee in lieu of the said William L. McAfee, deceased, vesting in her the title to said land, upon the same trust declared in said deed. The said Cornelia thereafter died, and the said Blanche Acheson died, leaving as her only children and heirs at law, Blanche Acheson and Cornelia Acheson. The said Mary Hamilton thereafter died, leaving Blanche Hamilton and Maude Hamilton as her only heirs at law, all of whom are more than twenty-one years of age. The plaintiff Cora McAfee has no children, and is the only living child of W. L. and Cornelia McAfee, and, in default of issue, her said nieces would be her heirs at law.

The owners of said property have been offered by defendants Natt Green and wife the sum of $35,000 therefor and have agreed to sell and convey the same to said parties for said sum, which they regard as a fair price for said property. It appears that the said parties own other real estate in the

city of Asheville, subject to the same limitations, which is
unimproved and yielding no income. That if the same were
improved by the erection of buildings thereon, it would yield
to the said parties an income.

In a proceeding instituted by the said Cora against the
other parties, owners of said land, in the Superior Court of
Buncombe County, an order was made at September Term,
1906, appointing H. T. Collins guardian *ad litem* to repre-
sent such children as might be born to the said Cora McAfee
and after her death be entitled to said interest in the prop-
erty in remainder. At the said term of said Court the said
H. T. Collins was also appointed trustee, with power and
direction to hold said title to said land upon the same trust
set out in the said deed, bearing date 6 December, 1889. He
was further authorized and empowered to discharge the trust
set forth in said deed, Cora McAfee being the owner of the
one-third undivided interest in said property. H. T. Col-
lins, guardian and trustee, duly filed answer in said proceed-
ing admitting the facts hereinbefore set out.

At the said term of said Court an order was made in which
George H. Wright, Esq., was appointed referee with direc-
tion to inquire into the facts concerning said offer to sell said
land and take testimony thereupon and to report whether,
upon such facts, the interests of the said parties, especially
the said Cora McAfee, would be enhanced by the sale of the
property and whether or not the price offered therefor was
just and fair, etc. Thereafter the said referee made his
report to the Court, from which it appeared that he had
taken testimony in respect to the matters submitted to him,
and that he found the facts, as hereinbefore set forth, to be
true, and further that the interest of the parties would be
materially promoted by a sale of the property and the rein-
vestment of the proceeds derived therefrom. Thereupon the
said Court made a decree reciting the facts hereinbefore set

forth, in which it was "ordered and adjudged that H. T. Collins, of Asheville, N. C., be and he is hereby appointed commissioner of this Court, and is ordered and directed, as such commissioner, to sell and convey immediately at private sale to Natt Green and wife, Mary R. Green, of Asheville, N. C., said one undivided one-third interest in said property, at the price of eleven thousand, six hundred and sixty-six and two-thirds dollars ($11,666.67); and he is further ordered and directed, as such commissioner, to execute and deliver, upon the payment of such purchase-money, a deed of conveyance in due form, conveying to said Natt Green and wife, Mary R. Green, their heirs and assigns, said undivided one-third interest in said land and property." He was further ordered, after paying the costs of the proceedings, to hold the remainder of the proceeds of said sale, one undivided one-third interest of the said Cora McAfee, as said commissioner, until further order of the Court in the premises, etc. It further appeared that all the other parties, owners of said land, to-wit, Blanche Acheson, Cornelia Acheson, Blanche Hamilton, and Maude Hamilton, had executed a deed, conveying their two-thirds interest in said property to the defendants Natt Green and wife. It was thereupon adjudged and decreed by the Court, that upon the payment of the said $35,000, purchase-money as aforesaid, to the said parties, deeds therefor, as set out in the record, be delivered to the defendants, Green and wife. To this judgment, the defendants excepted and appealed.

*Julius C. Martin* for the plaintiffs.
*Wells & Swain* for the defendants.

Connor, J., after stating the case: The defendants' counsel except to the judgment herein, for that:

1. The deed from McAfee to Zane is not signed as trustee. The land is conveyed by Graham to McAfee "as trus-

tee" with *habendum* to "his own use and behoof." No other
use is declared than such as would attach by operation of law,
the deed reciting the payment of the purchase-money by the
grantee. The word "trustee" is therefore surplusage not
affecting the legal title conveyed by the operative words of
the deed.

2. That upon his death, the heirs of the trustee hold the
legal title. This is true when the legal and equitable estates
are separated and the trustee does not convey the legal title.
*Clayton v. Rose,* 87 N. C., 106, and many other cases in our
Reports, the last of which is *Cameron v. Hicks,* 141 N. C.,
21. Hence, the legal and equitable estates were in McAfee in
fee; when he conveyed to Zane all of the estate which he had,
there was nothing left in him to vest in his heirs.

3. The trustee may be appointed by the Court, upon death
of original trustee; hence, deed from substituted trustee is
necessary to perfect the title. As we have seen, the legal
title vested in Zane by deed from McAfee, and by Zane's deed
to McAfee of 6 December, 1889, it revested in him upon the
trusts therein declared. Upon the death of McAfee, the legal
title descended to his heirs at law, subject to the trusts
declared, to-wit: for Mrs. McAfee for life, remainder for
themselves, subject to the limitations contained in the deed
from Zane to McAfee. As Mrs. McAfee, upon the death of
her husband, became discovert, but for the contingent remain-
der, the legal title, by operation of the statute of uses, would
have vested in her for life and in her daughters in fee, thus
combining both estates and making a perfect legal title.

The parties, we presume, being so advised, filed their peti-
tion in the Superior Court, pursuant to section 1037, Rev., to
have a new trustee appointed. All of the parties in interest
joined in the petition, and upon the passing of the decree
Mrs. Cornelia McAfee became the trustee, holding the legal
title upon the same trusts as the original trustee, so far as it

was competent for the Court to confer them. It is doubtful whether the power to sell and invest the proceeds conferred upon W. L. McAfee, being one of personal confidence, involving the exercise of discretion, vested in the substituted trustee. *Young v. Young,* 97 N. C., 132; *Baker v. McAden,* 118 N. C., 740. This is not material here, because all parties in interest joined in requesting the appointment of a new trustee and no attempt is being made by the trustee to execute the power of sale conferred upon the original trustee. It is not very material whether the decree of the Clerk, substituting the new trustee, be erroneous or not, because no action was taken by Mrs. Cornelia McAfee, as trustee, affecting the title, and upon her death the legal title, if divested by the decree, immediately revested in the same persons as her heirs at law. Upon the death of Mrs. Acheson and Mrs. Hamilton, two-thirds undivided interest vested in fee in their daughters, merging the legal and equitable estates, thus putting an end to all limitations upon their two-thirds interest. Assuming, as the parties have done, that upon the death of Mrs. Cornelia McAfee, the new trustee, that the legal title to one-third undivided interest descended to her heirs at law, her grandchildren and Cora McAfee in trust for said Cora in fee, subject to be divested by birth and survival of issue, it was clearly competent upon the application of all parties in interest, to appoint a new trustee to hold the legal title to preserve contingent remainders. Having done so, we can see no reason why, independently of the Statute of 1903, Rev., 1590, the Court, upon the application of all the parties in interest, the trustee representing contingent remaindermen, could not direct a sale of the land. This was held in *Overman v. Tate,* 114 N. C., 571, and the authorities reviewed in *Springs v. Scott,* 132 N. C., 548. To prevent any possible doubt of the existence of the power and to provide for its exercise and protect the interest of all parties in

143—27

remainder, whether in *esse* or not, the Act of 1903, being section 1590, Rev., was passed: "In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, there may be a sale of the property by a proceeding in the Superior Court at term-time, which proceeding shall be conducted in the manner pointed out in this section." The manner of procedure is specifically pointed out.

The facts set out in the record bring this case clearly within the language and purpose of the statute as construed in *Hodges v. Lipscomb,* 133 N. C., 199. The purpose of the statute was clearly pointed out by the *Chief Justice* in his well-considered opinion in that case, and we can add nothing of value thereto. In *Smith v. Gudger,* 133 N. C., 627, we again construed the statute and disposed of the same exception made here, saying: "To the suggestion in the demurrer that all persons who might, in any contingency, have an interest therein are not made parties, it is sufficient to say that the Act of 1903 was passed expressly to meet the difficulty therein suggested." *Anderson v. Wilkins,* 142 N. C., 154. The statute is so manifestly in accordance with a sound public policy, as well as the promotion of private right and interests, that we have not hesitated to give it such a construction as effectuates the intention of the Legislature. In a country such as ours the highest public and private interests are promoted by removing obstructions to alienation and giving security to titles. To the exception that the sale is directed to be made privately, it is sufficient to cite *Rowland v. Thompson,* 73 N. C., 504; *Barcella v. Hapgood,* 118 N. C., 712. The power of the Court to order the sale to be made privately, when it appears to be promotive of the interests of the parties, has been too frequently adjudged by this Court to be considered an open question. The proceed-

ing has been conducted with careful regard to the statute and the course and practice of the Court.

Upon a careful consideration of the entire record and the exceptions of defendants, we find no error.    The judgment must be

Affirmed.