THE RALEIGH REAL ESTATE AND TRUST COMPANY v. WISTAR R. PADGETT and Wife, HATTIE C. PADGETT.

(Filed 21 December, 1927.)

**Mortgages—Trusts—Substituted Trustee—Statutes—Sales — Foreclosure —Deeds and Conveyances—Title.**

> Where the terms as to foreclosure in a deed of trust on lands to secure borrowed money have been complied with as to the substitution of the trustee, the method therein expressed for this purpose is contractual and does not arise under the provisions of C. S., 2583, requiring certain proceedings to be taken in the courts; and a deed made by a substituted trustee in accordance with the agreement passes the title to the purchaser at the foreclosure sale.

Appeal by plaintiff from *Moore, Special Judge,* at November Term, 1927, of Wake. Reversed.

Controversy without action.

The case agreed shows that as the holder of the bonds secured by the deed of trust in which John H. Boushall was named trustee, The Raleigh Savings Bank and Trust Company appointed Thomas H. Calvert as successor trustee, who proceeded to foreclose the deed of trust, at which foreclosure the plaintiff, The Raleigh Real Estate and Trust Company became the purchaser of the property and Thomas H. Calvert, successor trustee, made it a deed. John H. Boushall was a resident of the State at the time the deed of trust was made, but nearly two years before the foreclosure he abandoned his residence in North Carolina and took up his permanent residence in the State of Florida. John H. Boushall signed the following paper-writing, which was duly acknowledged and registered:

"North Carolina—Wake County.

"To The Raleigh Savings Bank and Trust Company.

"Take Notice: That I, the undersigned, John H. Boushall, duly appointed trustee in a deed of trust executed by Lawton B. Wilson and wife, Elmo D. Wilson, to John H. Boushall, trustee for The Raleigh Savings Bank and Trust Company, which deed of trust is duly recorded in Book 459, at page 499, in the office of the register of deeds for Wake County, do hereby resign of and from all and every the rights and duties imposed on me as such trustee in the aforesaid instrument, and do hereby request that you appoint a successor trustee to assume and discharge the duties imposed upon the trustee in the said instrument.

"This 16 June, 1927.                    John H. Boushall."

The Raleigh Savings Bank and Trust Company signed the following paper-writing, which was duly acknowledged and registered:

"North Carolina—Wake County.

"John H. Boushall, duly appointed trustee in a deed of trust executed by Lawton B. Wilson and wife, Elmo D. Wilson, to John H. Boushall, trustee for The Raleigh Savings Bank and Trust Company, which deed of trust is duly recorded in Book 459, page 499, in the office of the register of deeds for Wake County, having resigned as such trustee, the undersigned, The Raleigh Savings Bank and Trust Company, being the holder of the bonds secured by the said deed of trust and under and by virtue of the authority conferred upon it by the said deed of trust does hereby nominate and appoint Thomas H. Calvert as his successor trustee, who is charged with all the powers therein contained.

"In witness whereof the said The Raleigh Savings Bank and Trust Company has caused this instrument to be signed in its corporate name by its vice-president and attested by its secretary, and its corporate seal to be hereto affixed, this 17 June, 1927.

                    "THE RALEIGH SAVINGS BANK AND TRUST COMPANY.
                              "By G. H. ANDREWS, *Vice-President.*
"Attest: W. REID MARTIN, *Secretary."*

The principal question presented by the case agreed is as to the validity of the appointment of the successor trustee, and the sale made by the successor trustee to plaintiff. The stipulation in the deed of trust provides:

"If the party of the second part shall die, *or otherwise become disqualified,* then the party of the third part, or the holder of the bonds hereby secured, shall have the right, by a paper-writing duly executed and registered, to nominate his successor, who shall be charged with all the powers contained herein, and the expense of the preparation of such paper-writing and registration thereof shall be paid by the parties of the first part."

*Thomas H. Calvert for plaintiff.*
*N. G. Fonville for defendants.*

CLARKSON, J. C. S., 2583, in part, is as follows: "When the sole or last surviving trustee named in a will or deed of trust dies, removes from the county where the will was probated or deed executed, and from the State, or in any way becomes incompetent to execute the said trust, or is a nonresident of this State, the clerk of the Superior Court of the county wherein the will was probated or deed of trust was exe-

cuted is authorized and empowered, in proceedings to which all persons interested shall be made parties, to appoint some discreet and competent person to act as trustee and execute the trust according to its true intent and meaning, and as fully as if originally appointed," etc.

Defendants contend that the deed made by Thomas H. Calvert, successor trustee, was void, for the reason that the statute was not complied with; that the paper-writing signed by John H. Boushall was not sufficient to allow a substitution; that should the court find that the provision of said deed of trust is sufficient to allow a substitution of trustee in the manner in which it was made, the defendants contend that the fact that John H. Boushall was living in the State of Florida was not a sufficient disqualification to permit a substitution of the trustee and that his resignation did not cure this defect.

We cannot so hold. The statute is not applicable. The parties have contracted and we are construing the agreement entered into by them. In the purview of the agreement, we are of the opinion, in the sense used, as shown by the record, that the resignation was a disqualification. See *Thompson v. Wynne,* 127 Miss., p. 773. The judgment of the court below is

Reversed.