W. C. BATEMAN v. T. W. STERRETT, TRUSTEE, ET AL. ·

(Filed 15 June, 1931.)

1. **Constitutional Law E b—Provisions prohibiting impairment of obligations of contract include all means for enforcement.**

The constitutional provisions against the impairment of the obligations of a contract include all means and assurances available for the enforcement of the contract at the time of its execution, and any unreasonable alteration of the remedies available which enlarges, abridges, or in any manner changes the intention of the parties is prohibited, but a statute that merely facilitates the intention of the parties does not come within the constitutional prohibition. State Constitution, Art. I, sec. 17, Federal Constitution, Art. I, sec. 10.

2. **Contracts B a—General laws in force at time of execution of contract become a part thereof.**

The general laws of the State in force at the time of the execution of a contract enter into and become a part thereof.

3. **Constitutional Law E b — Statutory provision for substitution of trustees in deeds of trust is constitutional and valid.**

Where a deed of trust is executed after the effective date of C. S., 2583, providing for the removal and substitution of trustees in deeds of trust, the provisions of the statute enter into and become a part of the contract, and a later statute providing a more economical and expeditious procedure for such substitution, so long as the rights of the parties, especially those of the *cestui que trust*, are not injuriously affected, does not violate the constitutional provisions, and in this case a substitution under the provisions of the act is upheld.

4. **Statutes A c—Retroactive statutes are valid unless they impair obligations of contract or disturb vested rights.**

Neither the State nor the Federal Constitution prohibits the passage of retrospective or retroactive laws, as distinguished from those that are *ex post facto*, unless they impair the obligations of contracts or disturb vested rights, and no person has any vested right in procedure.

APPEAL by W. C. Bateman *et al.* from *Daniels, J.,* at April Term, 1931, of ROBESON.

Civil action to determine validity of removal and substitution of trustee in deed of trust under the provisions of a recent act of the General Assembly, Senate Bill No. 67, ratified 6 March, 1931, ch. 78.

This act provides that in addition to other existent rights and remedies, "the holder and/or owner of all or a majority, in amount, of the indebtedness, notes, bonds, . . . secured by mortgages, deeds of trust . . . may . . . substitute a trustee by the execution (and registration) of a paper-writing (to be certified by the clerk of the

Superior Court) whenever it shall appear that the trustee then named in such mortgage, deed of trust . . . has removed from the State, become incompetent to act . . . or has been declared a bankrupt," etc.

It is further provided by said act that whenever the right of substitution given therein "is exercised in respect to any deed of trust, mortgage or other interest creating the lien which was executed prior to the ratification of this act," any person interested may appeal from the findings of the clerk of the Superior Court where the matter shall be heard *de novo*, with the further right of appeal to the Supreme Court.

It is conceded that the provisions of this statute have been observed in the instant case; and that, if valid, the judgment is correct, as the facts bring it within its terms.

The specific facts are that on 21 April, 1926, W. C. Bateman executed and delivered to the Chicamauga Trust Company, trustee, a deed of trust on certain lands in Robeson County, to secure a $1,000-note executed to The Prudential Insurance Company of America.

The Chickamauga Trust Company was adjudged a bankrupt 20 December, 1930, and is still in bankruptcy. Frank A. Nelson is its trustee in bankruptcy.

On account of the bankruptcy of the said trustee, T. W. Sterrett was duly substituted in its stead under the provisions of the act aforesaid. The appeal challenges the validity of this act as applicable to the present facts.

W. C. Bateman, the trustor, and Frank A. Nelson, trustee in bankruptcy of Chicamauga Trust Company, and the Chicamauga Trust Company appeal, assigning errors.

*Vernon Townsend and Henry A. McKinnon for W. C. Bateman, appellant.*

*David H. Fuller for Chicamauga Trust Company and Frank A. Nelson, trustee in bankruptcy of Chicamauga Trust Company, appellants.*

*Varser, Lawrence & McIntyre, McLean & Stacy and Junius J. Goodwin for T. W. Sterrett, substituted trustee, and the Prudential Insurance Company of America, appellees.*

STACY, C. J. We have no hesitancy in holding that the act in question is not subject to successful challenge on the ground that it is a law "impairing the obligation of contracts" within the meaning of the constitutional provisions on the subject. Art. I, sec. 10, U. S. Const.; Art. I, sec. 17, N. C. Const. This is the only point raised by the appeal.

In the first place, the right of removal and substitution of trustees in deeds of trust existed at the time of the execution of the Bateman-Chicka-

mauga-Prudential deed of trust. C. S., 2583; *McAfee v. Green,* 143 N. C., 411, 55 S. E., 828; *Trust Co. v. Padgett,* 194 N. C., 727, 140 S. E., 714.

True, the provisions of mortgages and deeds of trust are contractual. *Mitchell v. Shuford,* 200 N. C., 321; *Brown v. Jennings,* 188 N. C., 155, 124 S. E., 150; *Eubanks v. Becton,* 158 N. C., 230, 73 S. E., 1009. And the obligation of a contract, within the meaning of the constitutional prohibition against impairment, includes all the means and assurances available for the enforcement of the contract at the time of its execution. *Green v. Asheville,* 199 N. C., 516, 154 S. E., 852; *Barnes v. Barnes,* 53 N. C., 366; *Jones v. Crittenden,* 4 N. C., 55; 6 R. C. L., 324, *et seq.* But it is also true that the laws in force at the time of the execution of a contract enter into and become a part of the convention of the parties. *Trust Co. v. Hudson,* 200 N. C., 688; *House v. Parker,* 181 N. C., 40, 106 S. E., 137; *Mfg. Co. v. Holladay,* 178 N. C., 417, 100 S. E., 597.

As pertinent and illustrative of this principle may be instanced *Clark v. Reyburn,* 8 Wall., 322, where it was said that the remedy provided by statute for the foreclosure of a mortgage, in existence at the time of its execution, enters into and becomes a part of the contract of the parties, and any change by legislative action, which substantially and materially affects this remedy to the injury of the mortgagee, is a law "impairing the obligation of contracts," within the meaning of the constitutional provision on the subject; and *Brine v. Ins. Co.,* 96 U. S., 627, where it was held that a statutory right of redemption, existent at the time of the making of a mortgage, enters into and becomes a part of its terms. See 6 R. C. L., 365, and cases there cited.

With the right of removal and substitution of trustees in deeds of trust given by statute at the time of the execution of the instrument in question, which entered into and became a part of the agreement of the parties, we see no valid objection to a procedural change in the method provided for the enforcement of this right, so long as the rights of the parties, and especially those of the *cestui que trust,* are not injuriously affected thereby. 6 R. C. L., 356. "No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights." *Martin v. Vanlaningham,* 189 N. C., 656, 127 S. E., 695; *Dunn v. Jones,* 195 N. C., 354, 142 S. E., 320; *Statesville v. Jenkins,* 199 N. C., 159, 154 S. E., 15. The 1931 act provides for registration, hearing, right of appeal, etc.

It is recognized that any unreasonable alteration in the remedies afforded by the *lex loci contractus* at the time of the making of a contract is prohibited by the contract clause of the Constitution. *Green v. Biddle,* 8 Wheat., 1. And a law which enlarges, abridges, or in any

manner changes the intention of the parties, though professing only to regulate the remedy, necessarily impairs the obligation of the contract. *S. v. Carew,* 13 Rich. L. (S. C.), 498, 91 Am. Dec., 245. But a statute which facilitates the intention of the parties neither impairs the obligation of the contract, nor divests vested rights. *Nat. Surety Co. v. Architectural Co.,* 226 U. S., 276; *Lowe v. Harris,* 112 N. C., 472, 17 S. E., 539.

The law on the subject is very clearly stated by *Mr. Justice Swayne* in *Von Hoffman v. City of Quincy,* 4 Wall., 535, as follows:

"It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principle embraces those which affect its validity, construction, discharge, and enforcement. . . . Nothing can be more material to the obligation than the means of enforcement. Without the remedy the contract may, indeed, in the sense of the law, be said not to exist, and its obligation to fall within the class of those moral and social duties which depend for their fulfilment wholly upon the will of the individual. The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is guaranteed by the Constitution against invasion. The obligation of a contract 'is the law which binds the parties to perform their agreement.' The prohibition has no reference to the degree of impairment. The largest and least are alike forbidden . . . It is competent for the States to change the form of the remedy, or to modify it otherwise, as they may see fit, provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix definitely the line between alterations of the remedy, which are to be deemed legitimate, and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. Whenever the result last mentioned is produced the act is within the prohibition of the Constitution, and to that extent void.

"The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced—by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tend to postpone or retard the enforcement of the contract, the obligation of the latter is to that extent weakened." And see *Louisiana v. New Orleans,* 102 U. S., 203; *Seibert v. Lewis,* 122 U. S., 284; *Hendrickson v. Apperson,* 245 U. S., 106; *Williams v. Suydam,* 6 Wall., 723, 18 L. Ed., 967.

The result of the decisions on the subject is, that a change in the statutory method of procedure for the enforcement or exercise of an

existent right is not prohibited by any constitutional provision, unless the alteration or modification is so radical as to impair the obligation of contracts or to divest vested rights. 6 R. C. L., 356.

The primary purpose of the act in question is, not to enlarge the substantive rights of the *cestui que trust* (though such rights are enumerated therein in greater detail), but to provide a more expeditious and economical way for the removal and substitution of trustees in deeds of trust and other instruments. We are of opinion that the act is valid as against the challenge leveled against it in the instant proceeding.

There is no provision in the Federal or State Constitution which prohibits the passage of retroactive or retrospective laws, as distinguished from those that are *ex post facto,* unless they impair the obligation of contracts or disturb vested rights. *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725; *Stanback v. Bank,* 197 N. C., 292, 148 S. E., 313.

Affirmed.