NEW YORK LIFE INSURANCE COMPANY v. C. T. LASSITER AND WIFE, EUNICE M. LASSITER.

(Filed 22 January, 1936.)

**1. Mortgages C f—Purchaser of debt secured by deed of trust held not empowered to appoint substitute trustee under terms of the instrument.**

The deed of trust in question was executed to an individual trustee, "its successors and assigns," in trust for a corporate *cestui que trust,* party of the third part, with power to the party of the third part to appoint a substitute trustee without notice to the trustor. The corporate *cestui que trust* sold and assigned the debt to another corporation, which appointed a substitute trustee, who foreclosed the deed of trust under the power of sale contained therein. *Held:* The right to appoint a substitute trustee was confined to the *cestui que trust* named in the instrument, the deed of trust containing no provision that any other party should have the power of appointment, and the statutory procedure for the appointment of a substitute trustee, N. C. Code, 2583, not having been followed, and the exercise of the power of sale by the substitute trustee appointed by the purchaser of the notes secured by the deed of trust conveyed no title.

**2. Same—**

The trustee named in a deed of trust acts in a dual capacity for the trustor and *cestui que trust* to carry out the provisions of the instrument.

**3. Mortgages H h—**

Powers of sale in deeds of trust and mortgages will be strictly construed, and all parties to the instrument are entitled to have the power of sale exercised in accordance with its terms.

**4. Mortgages A b—**

A deed of trust executed to an individual trustee in trust for a corporate *cestui que trust* should convey the legal title to the trustee, "his heirs and assigns forever," and not to him, "its successors and assigns forever."

**5. Contracts B a—**

A contract must be construed as written.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *McElroy, J.,* at April-May Term, 1935, of GUILFORD.   Affirmed.

This is a submission of controversy without action.   The plaintiff and defendants entered into a contract.   The plaintiff was to execute and deliver to the defendants "a good and indefeasible title in fee simple" to a certain piece of land in Guilford County, N. C., describing it.   The defendants refused to accept the deed, contending that plaintiff has no such title, hence this controversy.

The material portions of the deed of trust to be considered:

"(1) THIS INDENTURE, Made the 9th day of August, 1929, by and between W. H. Brewer and wife, Eva Hutchinson Brewer, of Guilford County, aforesaid, parties of the first part; B. B. Vinson, of Guilford County, in said State, party of the second part, trustee, and Greensboro Bond and Mortgage Company, a corporation organized under the laws of the State of North Carolina, with its principal office at Greensboro, N. C., *its successors and assigns,* party of the third part.   (2) WITNESSETH, That the said parties of the first part, in consideration of one dollar ($1.00), the receipt whereof is hereby acknowledged, the other considerations hereinafter mentioned, do hereby bargain, sell, grant, and convey to the *said party of the second part, trustee, its successors and assigns,* the following real estate, with all improvements, fixtures, and appurtenances, situated in Morehead Township, Guilford County, in said State, and more particularly described as follows," etc.

"(3) To HAVE AND TO HOLD the same to the said party of the second part, *its successors and assigns forever.   .   .   .*

"(4) The parties of the first part hereby covenant and agree with the party of the third part, *its successors and assigns,* that as long as any part of the debt aforesaid shall remain unpaid, etc.   .   .   .

"(5) Paragraph 6.   For any reason satisfactory to itself, by instrument properly executed, acknowledged, and filed for record in the office of the register of deeds in the county wherein this instrument is recorded, *the party of the third part* may appoint a substitute trustee, without notice to any party who, from and after the filing of such appointment in the register's office, shall have and possess all the powers and duties vested in the party of the second part."   (Italics ours.)

The judgment of the court below is as follows: "This controversy without action coming on to be heard at April-May Term, 1935, of Guilford Superior Court, before the Hon. P. A. McElroy, judge presiding, and the court being of the opinion upon the facts set out in the case agreed that the deed heretofore tendered by plaintiff to defendants is insufficient to vest in them a good and indefeasible title in fee simple, free from encumbrances save and except *ad valorem* taxes for the year 1935, to a lot or parcel of land described in paragraph one of the case agreed, it is considered, ordered, and adjudged by the court that plaintiff and defendants are under no obligation, one to the other, on account of the contract in writing referred to in paragraph one of said case agreed; and that plaintiff be and it is hereby taxed with the costs. P. A. McElroy, Judge presiding."

The only exception and assignment of error is to the judgment of the court below. The assignment of error and other necessary facts will be set forth in the opinion.

*Eugene G. Shaw, Thomas C. Hoyle, and Hobgood & Ward for plaintiff.*
*Roger W. Harrison for defendants.*

CLARKSON, J. The only question presented by the agreed case is whether plaintiff had the power to appoint Eugene G. Shaw substitute trustee in the place of B. B. Vinson, under paragraph 6 of the deed of trust set out in the case agreed. We think not under the facts and circumstances of this case.

In the case agreed it appears that the plaintiff New York Life Insurance Company purchased from the "Greensboro Bond and Mortgage Company, party of the third part in said deed of trust and payee in the note secured thereby, duly endorsed, assigned, and transferred said note to plaintiff, which was at the time of the substitution of the trustee in said deed of trust hereinafter referred to the sole owner and holder of said note."

The plaintiff New York Life Insurance Company, by a certain indenture, reciting the facts, appointed Eugene G. Shaw substitute trustee to execute the power of sale contained in said indenture, as follows: "The said party of the first part has removed and by these presents does remove the said B. B. Vinson as trustee from the said deed of trust, and by these presents does appoint the said Eugene G. Shaw, party of the second part as aforesaid, trustee, under said deed of trust, and does hereby bargain, sell, and convey unto the said Eugene G. Shaw, party of the second part as aforesaid, the legal title to the property described in the said deed of trust, and does hereby vest him with all the powers,

duties and obligations conferred by said deed of trust upon the trustee therein named, and in the same manner and to the same effect as though he had been originally named trustee in said deed of trust."

Shaw duly sold the property, according to the terms of the deed of trust, and it was purchased by defendants. The defendants want the property—if the sale of the substitute trustee gives them a good and indefeasible title in fee simple. The court below held that it did not. In this we find no error.

In *Hussey v. Hill,* 120 N. C., 312 (316), citing numerous authorities, it is said: "A mortgagee is the legal owner of the property which he holds in trust for the payment of the debt, and then for the mortgagor. . . . And the power of sale contained in the mortgage authorized Hussey to foreclose by sale and to convey the legal and equitable title to the purchaser. But when he sold the note to W. L. Hill and assigned the note and mortgage to him, the latter only became the equitable owner—the naked legal estate still remaining in the plaintiff Hussey. This assignment to W. L. Hill did not carry with it the power of sale, and he, only having the equitable estate in the land, could not convey the legal estate."

The trustee in a deed of trust is usually selected to act for both the owner and holder of the indebtedness. As trustee he acts in a dual capacity to carry out the provisions of the deed of trust. The principle is well settled in this jurisdiction, as stated in *Stevens v. Turlington,* 186 N. C., 191 (194), citing numerous authorities: "When a mortgagee transfers to another person the debt which is secured by the mortgage, this ordinarily carries with it the mortgage security, unless the parties agree otherwise." *Horne-Wilson, Inc., v. Wiggins Bros., Inc.,* 203 N. C., 85. In *Trust Co. v. Padgett,* 194 N. C., 727, the language is: "Then the party of the third part or the holder of the bonds hereby secured," etc. The word "or" is used and we construe the contract as written.

We do not think the purchase of the note by plaintiff from the Greensboro Bond and Mortgage Company gave it the power to remove the trustee, B. B. Vinson, and appoint Eugene G. Shaw to act in his stead. Paragraph 6 says: *"The party of the third part may appoint a substitute trustee."* We think this language is confined to the Greensboro Bond and Mortgage Company, a corporation. All parties of a trust deed are entitled to have the power of sale carried out as written. *Mitchell v. Shuford,* 200 N. C., 321. Power of sale in mortgages or deeds of trust is strictly construed. *Alexander v. Boyd,* 204 N. C., 103 (108). *N. C. Mortgage Corp. v. Morgan,* 208 N. C., 743.

We have statutes in this State governing matters of this kind. N. C. Code, 1931 (Michie), sec. 2583, in part, is as follows: "When the sole or last surviving trustee named in a will or deed of trust dies, removes

from the county where the will was probated or deed executed and from the State, or in any way becomes incompetent to execute the said trust, or is a nonresident of this State, the clerk of the Superior Court of the county wherein the will was probated or deed of trust was executed is authorized and empowered, in proceedings to which all persons interested shall be made parties, to appoint some discreet and competent person to act as trustee and execute the trust according to its true intent and meaning, and as fully as if originally appointed," etc. See, also, section 2583 (a), *et seq.; Bateman v. Sterrett, Trustee,* 201 N. C., 59.

Those who entered into the contract said "party of the third part may appoint." If they had intended any other than the Greensboro Bond and Mortgage Company, how easily it could have been written. See *Dowling v. Winters,* 208 N. C., 521. It may be that the trustee, Vinson, would not desire when he agreed to act as trustee to have one who purchased the indebtedness to destroy his trusteeship without notice. The contract provides for arbitrary removal without cause or notice, and we do not desire to extend it beyond the language "the party of the third part"—the corporation that loaned the money.

The usual conveyance to a corporation of land is to the corporation, naming it, and its successors and assigns. This carries the fee-simple title to the land. Whoever drew the deed of trust may have had this in mind, but it was not germane where placed. In 41 C. J., p. 379, part of sec. 128 (c), p. 379 (cited by plaintiff), the disjunction "or" is used and not the conjunction "and," as in the present deed of trust. In C. J., *supra,* it is said: "A power conferred upon the beneficiary to appoint a successor to the trustee is personal to the donee and cannot be exercised by his agent, nor does it pass to those who take by succession from him unless expressly so stipulated. However, where the power is conferred upon the beneficiary, his successor, or assigns, or other legal representatives, no personal discretion is confined in any particular person, but the power may be exercised by any holder or owner of the deed of trust, as, for example, a corporation assignee."

The usual conveyance of land is to a person and his heirs and assigns, and it carries the fee-simple title to the land. This is changed by statute, in N. C. Code, 1931 (Michie), sec. 991, the fee is presumed, though the word "heirs" is omitted.

The draughtsman of the deed in trust seemed to have had in mind the language usually used in conveyances to corporation, viz.: Successors *and* assigns. He did not use successors *or* assigns. There is a vast gulf between the two. It may be noted (1) that the deed of trust says "do hereby bargain, sell, grant, and convey to the said party of the second part, trustee, its *successors and assigns.*" The party of the second part was B. B. Vinson, and it should have been "his heirs and assigns." (2)

"To have and to hold the same to the said party of the second part, *its successors and assigns forever,*" this should have been "his heirs and assigns forever." The draughtsman did not use due care to express the usual legal phrases in such conveyances. We must construe the contract as written. The language used is so ambiguous that we cannot say that plaintiff, purchaser of the note, was given the power to appoint a substitute trustee. The title is not marketable—the plaintiff cannot deliver to defendants, in accordance with its contract, "a good and indefeasible title in fee simple."

For the reasons given, the judgment of the court below is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.