RICHARD BRAAK AND WIFE, ALIDA BRAAK, v. GRAHAM K. HOBBS, COMMISSIONER OF THE WORLD WAR VETERAN'S LOAN FUND OF THE STATE OF NORTH CAROLINA.

(Filed 30 June, 1936.)

1. **Corporations J a: Banks and Banking J a—Transaction held to constitute consolidation rather than a merger of constituent banks.**

   A national bank, in order to effectuate its agreement with certain State banks for a consolidation, transferred all its assets, with the approval of the Comptroller of the Currency, to a State bank incorporated for that purpose, and thereafter the national bank was duly dissolved. The State banks involved in the agreement, with the approval of the Commissioner of Banks, transferred all their assets to one new State bank, and each of the constituent State banks was dissolved and ceased to exist as a corporation. *Held:* The new State bank was created as a result of a consolidation rather than a merger, since none of the constituent banks remained in existence, but each was dissolved to form a new corporation.

2. **Banks and Banking J b—**

   A bank created as a result of the consolidation of constituent banks succeeds to all the rights, powers, duties, and liabilities of its constituent banks. N. C. Code, 217 (p).

3. **Mortgages C f—Consolidated bank may exercise power of sale contained in deed of trust in which constituent bank was named trustee.**

   A bank, created as a result of a consolidation of several State banks, may properly exercise the power of sale contained in a deed of trust in which one of its constituent banks was named trustee, upon default by the trustor, since under N. C. Code, 217 (p), the consolidated bank succeeds to such power, even though the deed of trust was executed prior to the enactment of the statute, since the statute is merely an amendment of a former statute, ch. 77, Public Laws of 1925.

APPEAL by defendant from *Parker, J.,* at April Term, 1936, of NEW HANOVER. Reversed.

This is a controversy without action. C. S., 626.

It is agreed: "1. That the plaintiffs are residents of the county of New Hanover, in the State of North Carolina; and that the defendant is a resident of the county of Wake, in the State of North Carolina.

"2. That by deed dated 26 November, 1927, and recorded on 30 November, 1927, in Book No. 184, at page 564, in the office of the register of deeds of New Hanover County, John W. Guthrie and his wife, Laura May Guthrie, conveyed to F. C. Black and his wife, Annie Black, the fee simple title to the lands and premises described in a deed of trust hereinafter referred to, which is attached hereto and marked 'Exhibit A.'

"3. That on 20 June, 1928, to secure an indebtedness due the Treasurer of the State of North Carolina, arising out of a loan from the World War Veteran's Loan Fund, made pursuant to chapter 155, Public Laws of North Carolina, 1925, Frank C. Black and his wife, Annie Black, executed and delivered to the Citizens National Bank of Raleigh, N. C., as trustee, with the Treasurer of the State of North Carolina as *cestui que trust*, a deed of trust in the amount of $3,000.00, upon the property therein described, a copy of which said deed of trust is attached hereto and marked 'Exhibit A.' The said deed of trust was recorded on 27 June, 1928, in Book No. 183, at page 557, in the office of the register of deeds of New Hanover County.

"4. That on 24 August, 1929, a charter was issued by the Secretary of State to the Citizens Bank of Raleigh, and that immediately thereafter, in pursuance to resolutions duly adopted by the stockholders and/or directors of the Citizens National Bank of Raleigh, N. C., and/or the Citizens Bank of Raleigh, the said Citizens National Bank of Raleigh, N. C., with the approval of the Corporation Commission of North Carolina, consolidated with or transferred its assets and business to the said Citizens Bank of Raleigh, all as will appear from the minutes of said banks, excerpts from which said minutes are attached hereto and marked 'Exhibit B,' and made a part hereof as fully as if the same were incorporated herein.

"5. That on 26 September, 1929, the Citizens Bank of Raleigh consolidated with the North Carolina Bank and Trust Company, and on 26 September, 1929, a certified copy of the agreement of consolidation or transfer was filed with the Secretary of State of North Carolina, together with a certified copy of the approval of the Commissioner of Banks of the State of North Carolina, to such consolidation or transfer. That upon the filing of said agreement the North Carolina Bank and Trust Company succeeded to and became the owner of the rights, privileges, powers, and franchises, and all other property and rights of every kind of the Citizens Bank of Raleigh.

"6. That no action, except as may arise from the sale, reorganization, merger, and/or consolidation of said banks, has ever been taken on the

part of the Treasurer of the State of North Carolina, or Graham K. Hobbs, commissioner, or any one acting on his or their behalf, to appoint any person, firm, or corporation successor trustee in the place of the Citizens National Bank of Raleigh, N. C., as trustee in the deed of trust hereinbefore referred to.

"7. That by deed dated 14 March, 1933, and recorded on 27 March, 1933, in Book No. 234, at page 299, in the office of the register of deeds of New Hanover County, the 'North Carolina Bank and Trust Company, successor to Citizens National Bank of Raleigh, N. C., trustee,' conveyed or attempted to convey the fee simple title to the lands and premises described in the aforesaid deed of trust to the State of North Carolina, a copy of which said deed is attached hereto and marked 'Exhibit C,' and made a part hereof as fully as if the same was incorporated herein.

"8. That no foreclosure account relative to the foreclosure referred to in the 7th paragraph hereof has ever been filed in the office of the clerk of the Superior Court of New Hanover County.

"9. That pursuant to chapter 438, Public Laws of North Carolina, session 1935, the Governor of North Carolina has conveyed the aforesaid lands and premises to Graham K. Hobbs, commissioner of the World War Veteran's Loan Fund.

"10. That on 9 November, 1935, Graham K. Hobbs, commissioner as aforesaid, offered in writing, signed by him, to lease or sell said lands and premises to the plaintiffs for the sum of $3,000.00; and thereafter, to wit: On 26 December, 1935, the plaintiffs accepted, in writing signed by them, said offer, subject to their attorney's approval of title to the said lands and premises, and as evidence of their good faith, paid to the said Graham K. Hobbs, commissioner, the sum of $500.00, and moved into the temporary possession of the same.

"11. That on 1 January, 1936, the defendant tendered to the plaintiffs a lease-option contract, which is attached hereto and marked 'Exhibit D,' and demanded that plaintiffs accept said contract.

"12. That the plaintiffs refused to accept said contract, or to execute the same, for that they were advised by counsel that the defendant was not possessed of an indefeasible fee in and to said lands and premises, for that, and for no other reason, the foreclosure of the deed of trust hereinbefore referred to by the North Carolina Bank and Trust Company was null and void.

"13. That the plaintiffs demanded that the defendant return to them the sum of $500.00, theretofore paid by them, together with interest thereon at the rate of six per cent per annum, less any reasonable rent due to said defendant by the plaintiffs, and that said demand was not complied with.

"14. That it is agreed that if the deed of trust from F. C. Black and wife to the Citizens National Bank of Raleigh, N. C., was duly and legally foreclosed, the defendant is the owner in fee simple of the land described and referred to herein, and that the same is free and clear of any and all encumbrances, and that the plaintiffs are legally bound to accept the lease and contract to convey the said land, as tendered to them by the defendant.

"That it is further agreed that if the said foreclosure was illegal and invalid, the plaintiffs are not bound to accept the lease and contract to convey tendered to the plaintiffs by the defendant, and that the plaintiffs are entitled to recover of the defendant the sum of $500.00, paid by the plaintiffs to the defendant, with interest from 9 November, 1935, less reasonable rent for the premises occupied by the plaintiffs during the term of their occupancy of the same.

"The amount of the rent may be determined by a referee to be appointed by the court, the parties hereto agreeing that said referee may be appointed as in a consent reference, each hereby waiving a trial by jury of the question as to the amount of said rent."

The court was of opinion that on the facts agreed the defendant is not the owner of an indefeasible title to the lands and premises described in his contract with the plaintiffs, for that the deed of trust executed by F. C. Black and his wife to the Citizens National Bank of Raleigh, N. C., was not legally foreclosed by the sale of said land and premises by the North Carolina Bank and Trust Company, as successor to the Citizens National Bank of Raleigh, N. C., trustee, and by the conveyance of the same to the State of North Carolina, as the purchaser at said sale.

It was accordingly adjudged that plaintiffs are not legally bound to accept the lease and contract tendered to them by the defendant, and that plaintiffs recover of the defendant the sum of $500.00, with interest from 9 November, 1935, and the costs of the proceeding.

From the judgment, the defendant appealed to the Supreme Court, assigning error in the judgment.

*Kellum & Humphrey* for plaintiffs.
*Attorney-General Seawell* and *Assistant Attorneys-General McMullan and Bruton* for defendant.

CONNOR, J. There is error in the judgment of the Superior Court of New Hanover in the instant case.

The judgment is predicated upon the opinion of the court that on the facts agreed the deed of trust under which the defendant claims title to the land and premises described in the contract between the plaintiffs

and the defendant was not legally foreclosed by the sale and conveyance of said land and premises by the North Carolina Bank and Trust Company, as successor to the Citizens National Bank of Raleigh, N. C., trustee in said deed of trust, to the purchaser at the sale. On the facts agreed, the power of sale in the deed of trust which was conferred upon the Citizens National Bank of Raleigh, N. C., subsequently vested in and was properly exercised by the North Carolina Bank and Trust Company, as successor to the Citizens National Bank of Raleigh, N. C., trustee. The equity of redemption which remained in the grantors in the deed of trust, has been legally foreclosed, and the defendant is now the owner in fee simple, under an indefeasible title, of the land and premises described in the contract between the plaintiffs and the defendant.

On 20 June, 1928, Frank C. Black and his wife, Annie Black, by a deed of trust which was duly executed by them, conveyed the land and premises described in the contract between the plaintiffs and the defendant to the Citizens National Bank of Raleigh, N. C., trustee, for the purpose, as recited in the deed of trust, of securing the payment of their note for the sum of $3,000.00, payable to the order of the Treasurer of the State of North Carolina. The consideration for the note secured by the deed of trust was a loan of money made to Frank Black by the Treasurer of the State of North Carolina, out of the World War Veteran's Loan Fund, which was created by the sale of bonds issued and sold by the State of North Carolina, under the provisions of chapter 155, Public Laws of North Carolina, 1925. The validity of these bonds was upheld by this Court in an opinion filed by *Clarkson, J.,* in *Hinton v. Lacy, Treasurer,* 193 N. C., 496, 137 S. E., 669.

It is provided in the deed of trust that upon default in the payment of the note secured thereby, according to its tenor, the deed of trust may be foreclosed by the sale and conveyance of the land and premises described therein, upon the application of the holder of said note at the date of the default, by the Citizens National Bank of Raleigh, N. C., trustee, named in the deed of trust. There was a default in the payment of said note according to its tenor, and the right to a foreclosure of said deed of trust thereupon became absolute.

Prior to such default, the Citizens National Bank of Raleigh, N. C., for the purpose of a consolidation in accordance with its agreement with other banks, created by the laws of this State, with the approval of the Comptroller of the Currency of the United States, had transferred and conveyed all its assets to the Citizens Bank of Raleigh, a banking corporation created under the laws of this State. Thereafter, the Citizens National Bank of Raleigh, N. C., was duly dissolved, and the Citizens Bank of Raleigh, with the approval of the Commissioner of

Banks of North Carolina, as required by statute, consolidated with the other banks which had entered into the agreement with the Citizens National Bank of Raleigh. The result of this consolidation was the North Carolina Bank and Trust Company, which came into existence under the laws of this State. All the banks which had entered into the agreement for the consolidation were duly dissolved. They have ceased to exist as corporations. The North Carolina Bank and Trust Company thus acquired all the assets and assumed all the liabilities of the constituent banks, and thereafter engaged in business as a banking corporation, under the laws of this State.

In *Coach Company v. Hartness, Secretary of State,* 198 N. C., 524, 153 S. E., 489, it was said by *Adams, J.:* "There is, of course, a technical distinction between consolidation and merger. Merger has been defined as the absorption of a thing of lesser importance by a greater, whereby the lesser ceases to exist, but the greater is not increased. It is the unity of the two or more corporations by the transfer of property to one of them, which continues in existence, the others being merged therein. But, ordinarily, the legal effect of consolidation is to extinguish the constituent companies and create a new corporation. Bouvier's Law Dict., Civil Ed., 799, 801; Black's Law Dict., 774; 12 C. J., 530; 40 C. J., 649. The distinction is clearly stated by Fletcher in 7 Cyclopedia, sec. 4062: 'A merger, using the word in its strict legal sense, exists only where one of the constituent companies remains in being, absorbing or merging into itself all the other companies, while in case of a consolidation a new corporation is created, and generally all the consolidating companies surrender their existence.' "

On the facts agreed in the instant case, the North Carolina Bank and Trust Company came into existence as the result of the consolidation, and not of a merger, of the consolidating banks. It thereby succeeded to all the rights, powers, duties, and liabilities of its constituent banks, including the Citizens Bank of Raleigh, which was created only as a means of effecting, under statutory authority, the consolidation of the Citizens National Bank of Raleigh, N. C., with the other banks, which had entered into the agreement to consolidate. Chapter 207, Public Laws of North Carolina, 1931, N. C. Code of 1935, sec. 217 (p). This statute, although in form an independent statute, is in reality an amendment of chapter 77, Public Laws of North Carolina, 1925, and is therefore applicable in the instant case, although the deed of trust involved was executed prior to its enactment. See *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14.

The judgment is reversed, and the proceeding remanded to the Superior Court of New Hanover County in order that judgment in accordance with this opinion may be entered in said court.

Reversed.