GENERAL REALTY COMPANY v. LEONARD LEWIS.

(Filed 22 September, 1937.)

1. **Mortgages §§ 8, 32a—Where instrument does not empower trustee to sell, such power may not be implied from its other provisions.**

   The instrument in question empowered the holder or holders of the notes to enter upon the land conveyed as security and sell same upon default, but the granting clause and *habendum* were in the correct form of a deed of trust, and the instrument provided for the payment of the trustee's commissions and costs in case of foreclosure. *Held:* The instrument did not empower the trustee named therein to sell the land upon default, and such power may not be implied from its other provisions under the rule that an instrument will be construed to effectuate the intent of the parties as gathered from the instrument as a whole.

2. **Mortgages § 32a—**

   The power of sale contained in a mortgage or deed of trust will be strictly construed, and the power of sale must be clearly set forth and the contract as written must prevail.

APPEAL by plaintiff from *Clement, J.,* at Chambers, 15 May, 1937, Winston-Salem, N. C. From HENDERSON. Affirmed.

This is a submission of controversy without action, accompanied with proper affidavits. N. C. Code, 1935 (Michie), sec. 626.

The agreed statement of facts is as follows:

"1. That the General Realty Company is a corporation, duly created, organized, and existing under and by virtue of the laws of the State of North Carolina, and the said Leonard Lewis is a citizen and resident of the county of Henderson in said State.

"2. That on 5 April, 1937, the said parties entered into a valid written agreement whereby the General Realty Company agreed to sell and convey in fee simple, and the said Leonard Lewis agreed to purchase, the following described lot, situate in the city of Hendersonville, county of Henderson, and State of North Carolina, and known and described as follows: Being Lot No. 9 of Fassifern Court Subdivision, as shown on a plat of said Fassifern Court Subdivision, registered in the office of the register of deeds for Henderson County, in Plat Book 2, page 157.

"3. That the General Realty Company derived its title to said property by, through, and under that deed of trust from H. O. Buzzaird and wife, Ida L. Buzzaird, to Ernest F. Smith, trustee, of date 1 September, 1927, and duly registered on 22 September, 1927, in Book 124, at page 113, of the Records of Mortgages and Deeds of Trust for Henderson County, a copy of said deed of trust being hereto annexed, marked Exhibit A, and made a part hereof.

"4. That the trustors in said deed of trust at the time of its execution were the owners of a valid, unencumbered fee simple title to said property, and upon its execution and registration said deed of trust became a valid first lien thereon.

"5. That default was made in the payment of the indebtedness secured by said deed of trust, and thereupon one of the alternate trustees, after having advertised said property once a week for four consecutive weeks in a newspaper published in Henderson County, and also after having posted notice of said sale at the courthouse door of Henderson County for thirty days, sold said property to the highest bidder for cash, at the courthouse door in Henderson County, and said bid not having been raised, the said trustee executed a deed to the purchaser, and under which purchaser the said General Realty Company claims title to said property.

"6. It is admitted that the alternate trustee had all the powers under said deed of trust possessed by the original trustee, and no point is made as to the sale having been made by the alternate trustee any more than would or could have been made as to the original trustee.

"7. It is admitted that if said deed of trust conferred the power of sale upon either the original trustee or the alternate trustee, that the purchaser at the foreclosure sale obtained a valid, fee simple title thereto, and it is also admitted that General Realty Company has duly

acquired whatever title the said original purchaser at the foreclosure sale obtained, and is now in position to convey such title to the said Leonard Lewis.

"8. That by virtue of and pursuant to the agreement hereinbefore alleged, the said General Realty Company at the time provided for in said contract of purchase made, executed, and tendered to the said Leonard Lewis a deed, regular in form, and sufficient in every respect to vest in said Leonard Lewis a valid, unencumbered fee simple title to said property, provided the said General Realty Company is the owner of such title thereto, and which said deed the said Leonard Lewis refused to accept on the ground that the said General Realty Company is not the owner of such title for the reason that the said trustee was not vested with the power of sale to foreclose said deed of trust and convey said property to the purchaser.

"9. It is agreed that if the deed of trust, of which 'Exhibit A' is a copy, confers the power upon the original trustee to sell the property hereinbefore mentioned at foreclosure sale, and execute title to the purchaser, then the said Leonard Lewis shall accept the deed tendered him by the said General Realty Company and thereby specifically perform the contract hereinbefore mentioned, but if no such power of sale is conferred upon said trustee by said deed of trust, then the said General Realty Company is not in position to convey a valid title to the said Leonard Lewis, and he shall not be required to accept the same.

"10. It is further agreed that this matter shall be submitted for determination and decision to Hon. J. H. Clement, judge holding the courts of the 18th Judicial District, of which Henderson County is a part, at his chambers at Winston-Salem, North Carolina, and that said judgment shall be in all respects as valid and binding upon the parties hereto as if rendered at term time, in Henderson County.

"We therefore present to the court the question arising upon the foregoing statement of facts for its determination as provided by section 626 of the Consolidated Statutes of North Carolina.

Respectfully submitted,<br>
W. G. MORDECAI,<br>
J. E. SHIPMAN,<br>
*Attorneys for General Realty Company.*<br>
By J. E. SHIPMAN.<br><br>
G. H. VALENTINE,<br>
*Attorney for Leonard Lewis.*"

The court below rendered the following judgment: "This cause coming on to be heard by consent of counsel for both parties before his Honor, J. H. Clement, judge holding the courts of the Eighteenth

Judicial District, at chambers in Winston-Salem, North Carolina, on this 15 May, 1937, and being heard, and the court being of the opinion from the agreed statement of facts that the plaintiff General Realty Company is not the owner of a valid, fee simple title to the property therein described, and is not therefore in position to convey a valid title thereto to the defendant Leonard Lewis: It is therefore, on motion of counsel for said defendant Leonard Lewis, ordered, adjudged, and decreed that the plaintiff take nothing, and that the defendant Leonard Lewis go without day and recover his costs of the plaintiff General Realty Company, to be taxed by the clerk of the Superior Court of Henderson County.                                J. H. CLEMENT,

*Judge Holding the Courts of the 18th Judicial
District, at Chambers at Winston-Salem, North Carolina."*

The plaintiff excepted and assigned error as follows: "That the court erred in signing the judgment set out in the record."

*J. E. Shipman and W. G. Mordecai for plaintiff.
G. H. Valentine for defendant.*

CLARKSON, J. The question involved: Is the defendant's objection to plaintiff's title sufficiently grounded to avoid a decree of specific performance? We think so.

The deed of trust from H. O. Buzzaird and wife, Ida L. Buzzaird, to Ernest F. Smith, trustee, dated 1 September, 1927, is to secure certain gold notes for money loaned, in the sum of $4,500. The same was duly recorded in Henderson County, N. C., Book 124, page 113, registry of deeds. It is set forth in the record, "Exhibit A," as a part of the agreed statement of facts. The alternate trustee in the deed of trust sold the land after due advertisement, and plaintiff claims under the sale.

The language of the deed of trust in controversy relating to the provision for sale in case of default is as follows: "In the event of a breach of any one of the aforesaid covenants and agreements, or in case of default in the payment of any note secured hereby or any installment of interest thereon, according to the terms thereof, . . . And said holder or holders (of any or all of the first lien notes) may immediately enter into and upon the above described premises and sell and dispose of the same, and also all benefit and equity and redemption of the said grantor, unless such equity and benefit of redemption is reserved by law, and out of the proceeds of such sale to retain the principal and interest which shall then be due on said first lien gold note or notes and junior lien notes hereby secured, and such other debts that may be due and against said premises, together with the cost and charges of foreclosure, or may sell said premises at public auction, after complying with the

statutes of the State wherein the property described herein is located, in reference to foreclosure and sale of real property; and the purchaser thereof shall not be required to see to the application of the purchase money and of the proceeds of said sale."

The plaintiff calls attention to other provisions in the deed of trust: "The granting clause reads: 'Does by these presents grant, bargain, convey, and warrant in fee simple unto the said trustee, his successors and assigns, forever, the following described real estate.' The *habendum* clause reads: 'To have and to hold the above described premises, with all appurtenances and fixtures, unto the said party of the second part, his successors and assigns, forever, for the purpose, uses, and trusts set forth.' It is provided in the acceleration clause that the indebtedness shall, 'at the option of the legal holder or holders of any or all of said first lien gold note or notes, or by the guarantor or guarantors, if any, or the trustee, become immediately due and payable. . . .' The trustee shall conduct the actual sale is also shown by subsequent provisions of the trust deed, wherein it is provided that in case of sale, the proceeds shall be applied: '(a) To the payment of reasonable compensation of the trustee, its agents, attorneys, and counsel, and all costs of advertisement, notices, sale, and conveyance, and other necessary expenses in case of sale, under the power of sale herein conferred.' All proper expenses of the trustee incurred as herein provided, including attorneys' and agents' fees and the expenses of litigation, shall be paid out of the proceeds of the sale of the property described herein should a sale be had. 'And in case of foreclosure of this trust deed, in any court of law or equity, or by action or advertisement, there shall be allowed the trustee in such proceedings all costs and charges of such foreclosure, together with the maximum attorneys' fees for foreclosure of mortgages allowed under the laws of the state wherein this instrument is recorded.'"

The plaintiff contends: "Applying the rule that an instrument is to be construed from its four corners and the intent of the parties gathered from the instrument in its entirety, . . . that the trustee had a right to both advertise, sell, and make deed to the purchaser, and that the defendant is without sufficient grounds to avoid a decree of specific performance," citing *Benton v. Lumber Co.,* 195 N. C., 363, at p. 365, as follows: "In the construction of deeds these principles seem to be settled: (1) The entire deed must be considered and such construction of particular clauses must be adopted as will effectuate the intention of the parties; (2) such construction will be adopted as, if possible, will give effect to every part," etc.

We cannot hold as plaintiff contends we should. The deed of trust seems, in its various provisions, to be drawn by a draughtsman not

familiar with our North Carolina forms and laws on the subject. It seems to have been drawn in Ohio. If a power of sale is given, it appears to be to the "holder or holders" of any or all of the first lien notes.

In *Eubanks v. Becton,* 158 N. C., 230 (233), it is written: "Powers of sale in a mortgage are contractual, and as there are many opportunities for oppression in their enforcement, courts of equity are disposed to scrutinize them, and to hold the mortgagee to the letter of the contract. If a different view should prevail and we could dispense with some stipulation in the power because we could not see that injury had ensued from failure to observe it, we could practically destroy the contract of the parties."

"The courts look with jealousy on the power of sale contained in mortgages and deeds of trust, and the provisions are strictly construed." *Alexander v. Boyd,* 204 N. C., 103 (108); *Mitchell v. Shuford,* 200 N. C., 321; *Ins. Co. v. Lassiter,* 209 N. C., 156; *Woodley v. Combs,* 210 N. C., 482 (486).

By a long unbroken line of decisions, mortgages and deeds of trust with power of sale must be strictly construed. Courts look with jealousy on the power of sale in these instruments and require the power of sale to be clearly set forth. The contract as written must prevail. The implied provisions cited by plaintiff are contrary to the language that in case of default the sale shall be made by "said holder or holders" (of any or all of the first lien notes). Under the peculiar provisions of the deed of trust perhaps the only safe method is by foreclosure by suit in court and all interested made parties.

For the reasons given, the judgment of the court below is
Affirmed.