*JOSEPH H. ETHERIDGE and others v. MILFORD VERNOY.

*Practice—Judicial Sale—Purchaser.*

A purchaser at a judicial sale, knowing of an adverse claim to the property, the strength of which he cannot determine until the same has been judicially ascertained, may buy in the rival claim and deduct for it, or, if the money has been paid into court, demand the return of a proportional part of it.

(*Ex Parte Yates*, 6 Jones Eq., 212, cited and approved.)

PETITION in the Cause filed by a purchaser for relief against a defective title to land, heard at January Term, 1879, of THE SUPREME COURT.

This was an action brought to foreclose a mortgage, and on appeal to this court, the balance due of the debt secured, was ascertained and a decree pronounced in this court to sell the lands incumbered for its payment. [See same case, 70—713; 71—184; 74—800.]

The sale was made and reported to court, and upon an advance bid of ten per cent put in, a resale was ordered, when D. M. Carter became the purchaser of the tract in

---

*Smith, C. J., did not sit on the hearing of this case.

Bertie county at $5,200, and on report of that sale to court, the same was accepted and duly confirmed by a decretal order in the cause.

Pending these proceedings, D. M. Carter transferred his bid to Dennis Simmons, who paid in the cash installment and gave bond for the deferred payments, and at maturity paid them fully, and thereupon the said tract of land was conveyed to him, and he' sold and conveyed the same to E. R. Outlaw.

While the money, paid into the clerk's office of this court, was still in the hands of the clerk, an adverse claim having been made to a part of the land sold and confirmed as aforesaid to D. M. Carter, under a mortgage executed by the defendant to secure a debt to Todd, Schenck & Co., by agreement entered on the records of this court at June term, 1876, the sum of $500, part of the purchase money paid in by Dennis Simmons was retained to indemnify said Simmons against the threatened defect of title to a part of the lands he had paid for; and now at this term of the court, Simmons, by petition in the cause, showeth that Todd, Schenck & Co. made recovery on their said adverse claim for one hundred and twenty-four acres of said tract, as reported in *Todd* v. *Outlaw*, 79 N. C., 235 ; that he had bought and paid $500 for their title in order to perfect the title he had made to Outlaw, and asks that the $500 retained for his indemnity may be adjudged to be paid over to him by the clerk, by way of abatement for the defect of title in that part of the tract recovered by Todd, Schenck & Co.

The prayer of the petitioner, Dennis Simmons, is resisted on the ground that D. M. Carter under whom he claims, knew of the adverse claim before the sale was confirmed, and the order of confirmation being made with his sanction and assent, it is objected that he and those claiming under him are estopped to ask any abatement from the money paid into the clerk's office.

No counsel for plaintiffs.
*Messrs. Gilliam & Gatling* and *Batchelor,* for defendant.

DILLARD, J. (After stating the case.) We do not concur in the objection. A sale confirmed is a bargain complete between the purchaser and the parties to the suit whose title has been sold; and the same is enforceable in specie through orders in the cause in the same manner and to the same extent as a vendee under articles and the vendor may enforce specific performance against each other. Rorer on Jud. Sales, § 124; *Ex Parte Yates,* 6 Jones' Eq., 212. As between private persons, if the title be deficient in a material and substantial part of the land, the vendee may insist on rescission of the contract, or elect to take the title as far as it can be made with a proportionate abatement of the purchase money. Just so in the case of a purchaser at judicial sale; he may ask to be discharged or to have abatement in the price, or, if the money is still within the control of the court, a return of a part thereof, after confirmation of the sale; for he is in no position to make such questions until confirmation is had.

But it is urged that Carter knew of the adverse claim of Todd, Schenck & Co. before confirmation, and that with that knowledge he had the sale confirmed. Therefore it is said, he and those claiming under him are not to be heard to stir the question of abatement or reimbursement. If a private purchaser, knowing of an adverse claim the strength of which he cannot know until judicially litigated, shall come to know the extent of the defect by decision of a competent court before he parts with his money, may he not buy in the rival claim and deduct for it, or insist on an abatement from the price? Certainly he could. And equally certain it is, that a purchaser under decree of court may in such case ask abatement, or, if he has paid in the money, ask a return of a proportional part of it.

We conclude therefore that Dennis Simmons, assignee of D. M. Carter, has the right to have repaid to him the sum of money retained to await the decision of the suit of *Todd* v. *Outlaw, supra,* it being admitted in the argument before us that the plaintiffs prevailed in that suit to the extent of one hundred and twenty-five acres of the land, and that the $500 is not more than the value of the land in proportion to the whole tract. A decree may be drawn in conformity to this opinion.

PER CURIAM.                    Decree accordingly.