A. H. TABOR v. H. C. WARD and others.

*Evidence—Retroactive Legislation—Constitutional Law.*

1. The legislature intended by enacting chapter 183, of the laws of 1879,
to apply to all suits on bonds and judgments executed or rendered
prior to Aug. 1st, 1868, the common law rule of evidence which ex
cluded suitors as witnesses, and the concluding clause of said act, by
which the rules of evidence in force when said judgment was rendered
or bond executed are made applicable in a suit thereon, was not in-
tended to remove the incapacity of interest as to a bond given in 1866.
That clause must be interpreted to have reference to the rules of evi-
dence in force when the bond was executed other than that which was
made the special subject of legislation in the act.

2. Retroactive laws involving no criminal element are not unconstitu-
tional.

3. Laws changing the rules of evidence in civil cases, even as to past
transactions, are not unconstitutional, where the party affected by the
change is not left without remedy.

(*State* v. *Bond*, 4 Jones, 9; *State* v. *Bell*, Phil., 76; *State* v. *Pool*, 5 Ired.,
105; *Hinton* v. *Hinton*, Phil., 410; *Washington T. B. Co.* v. *Com'rs*,
81 N. C., 491, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of HENDERSON
Superior Court, before *Schenck, J.*

This action was begun before a justice of the peace upon
a single bill dated the 27th of July, 1866, and payable six
months after date, with interest from date. The defendant
pleaded payment and set-off, and judgment was rendered
by the justice in favor of the plaintiff, from which the de-

fendant appealed to the superior court, and at said term a jury trial having been waived by the parties, the case was heard by the judge. The plaintiff offered himself as a witness in his own behalf, but the court excluded the testimony upon the ground that the plaintiff had been rendered incompetent as a witness in such a case by the act of 1879, ch. 183. The plaintiff excepted to the ruling, and judgment was given in favor of defendant, from which plaintiff appealed.

Messrs. J. J. Osborne and W. W. Fuller, for plaintiff.
The defendant was not represented in this court.

ASHE, J. The act of 1879, ch. 183, ratified on the 11th day of March, was passed as a proviso, by way of amendment to section 343 of the code. It provides that no person who was a party to a suit then existing, or which might thereafter be commenced on any judgment rendered, or on any bond under seal for the payment of money executed previous to the first day of August, 1868, should be a competent witness, "but the rules of evidence in force when said judgment was rendered or said bond under seal was executed shall be applicable to said suit."

The bond sued on in this case was executed on the 27th day of July, 1866, and before the first day of August, 1868, and falls within the restriction of the *proviso*, unless as is contended it comes within the provision of the last clause, a fair construction of which would give it the effect of an exception to the retrictive operation of the proviso.

The act of 1866, ch. 43, entitled " an act to improve the law of evidence," ratified on the 12th day of March, 1866, provided substantially among other things, that no person offered as a witness in any suit or proceeding should thereafter be excluded as a witness, and that a party to a suit should be competent and compellable to give evidence

in behalf of either or any of the parties to said suit or proceeding. Such was one of the rules of evidence in force when the note in suit was executed. To apply this rule of evidence literally to this note would lead to a palpable absurdity. It would defeat the very object of the legislature in passing the act of 1879.. The act of 1866 makes a party to a suit a competent witness in his own behalf. The act of 1879 declares he shall not be a competent witness in his own behalf in a suit on a note under seal executed before the first day of August, 1868; it however contains a provision that to such notes, the rules of evidence in force when executed shall apply. And one of the rules of evidence in force was that he was competent as a witness in his own behalf; *ergo*, the provisions of the act are repugnant and it defeats itself. But the law does not warrant such a construction. The interpretation which makes a statute null and void cannot be admitted. It is an absurdity to suppose that after it is reduced to terms, it means nothing. It ought to be interpreted in such a manner as that it may have effect and not be found vain and illusive. Potter's Dwarris on Stat. Lim., 128.

The mischief in the law intended to be remedied by the act of 1879 was, that in actions upon judgments and sealed notes where payment was pleaded, the plaintiff, after the act of 1866 and section 343 of the code, might be a witness for himself or might use the defendant as a witness to rebut the presumption of payment arising from the lapse of time. The act of 1879 was passed to remedy that defect in the law. There can be no doubt about the intention of the legislature, and it is the duty of the court to so construe the act as to effectuate that intention. And in construing it, " every part should be viewed in connection with the whole, so as to make all its parts harmonize if practicable, and give a sensible, intelligent effect to each. It is not to be presumed

that the legislature intended any part of a statute to be without meaning.". Potter's Dwarris, *supra*, 144.

In the application of this rule of interpretation to the act of 1879, it is clear from the first part of the first section of the act, what was the intention of the legislature; and to construe the last clause of the section according to the letter would make it repugnant to the first part and neutralize the whole act. To obviate such an absurdity, we think the last clause should be interpreted to have reference to the rules of evidence in force when the notes were executed, other than that which was made the especial subject of legislation in the act. This interpretation would give effect to each part of the act and relieve it from an inconsistency.

But it is insisted on the part of the plaintiff, that if this construction be given to the act of 1879, then it would be obnoxious to the objection of being retrospective, and that retrospective laws are not countenanced by the constitution of this state. *Ex post facto* laws are forbidden by section twenty-three, article one of the state constitution, but they refer exclusively to crimes. There is no provision in the constitution of this state nor in the constitution of the United States which prohibits the passage of retroactive laws, as distinguished from those that are *ex post facto*, unless they are such as impair the obligation of contract or disturb vested rights. Retroactive laws are not only not forbidden by the state constitution but they have been sustained by numerous decisions in our own state. See *State v. Bond*, 4 Jones, 9; *State* v. *Bell*, Phil., 76; *State* v. *Pool*, 5 Ired., 105, and *Hinton* v. *Hinton*, Phil., 410, where it was expressly held "that retroactive legislation is not unconstitutional, and that retroactive legislation is competent to affect remedies not rights."

It is well settled by a long current of judicial decisions, state and federal, that the legislature of a state may at any time modify the remedy, even take away a common law

remedy altogether, without substituting any in its place, if another efficient remedy remains, without impairing the obligation of the contract. And whatever belongs to the remedy may be altered, provided the alteration does not impair the obligation of the contract. Cooley Const. Lim., 350. Laws which change the rules of evidence relate to the remedy only. They are at all times subject to modification and control by the legislature and changes thus made may be made applicable to existing causes of action. *Howard* v. *Moot*, 64 N. Y. Rep., 262; Cooley, 353. They are incident to the remedy, and if the remedy may be abolished or modified, *a fortiori* may the rules of evidence be changed or abrogated.

Retrospective laws would certainly be in violation of the spirit of the constitution, if they destroyed or impaired vested rights. But there is no vested right involved in our case to be affected by the retrospective operation of the act of 1879. We have seen that rules of evidence are incidents to the remedy and one can have no vested right in a rule of evidence when he could have no such right in the remedy, and it is held in Bishop's Cr. Law, § 214, *Com.* v. *Com'rs*, 6 Pick., 501, and *Washington Toll Bridge Co.* v. *Com'rs*, 81 N. C., 491, that there is no such thing as a vested right in any particular remedy. There is no error and the judgment is affirmed.

No error. Affirmed.