S. McD. TATE v. JUNIUS DAVIS, RECEIVER OF THE BANK OF NEW HANOVER.

(Filed 16 March, 1910.)

**Reference—Information for Court—Report Set Aside—Objections and Exceptions.**

A referee appointed by the court to look into the demand of a purchaser of land of a receiver of a corporation, that the purchase price paid by him be refunded owing to defective title of the corporation, and to report thereon, does not fall within the provision of the Code of Civil Procedure with reference to hearing and determining issues raised by the pleadings in a civil action, and the court may disaffirm the report of the referee *ex mero motu,* even when no exceptions were regularly filed thereto.

HOKE, J., concurs in result.

APPEAL from *O. H. Allen, J.,* at October Term, 1909, of NEW HANOVER.

Motion in the cause by B. F. Keith to have refunded to him by the above-named receiver $500 paid to the receiver on 22 May, 1902, for a tract of land sold and conveyed to said Keith by said receiver, the title to which has failed.

The application of Keith was referred to a referee. The motion was heard before his Honor, *O. H. Allen,* judge presiding, who overruled the referee, and denied the motion. The petitioner Keith appealed.

*Stevens, Beasley & Weeks* and *Meares & Ruark* for Keith.
*Rountree & Carr* and *Thomas W. Davis* for receiver.

BROWN, J. The insolvent corporation of which the appellee was appointed receiver had among its assets a claim of title to a tract of land in Bladen County, which was sold and conveyed by the receiver to appellant Keith, who paid for it, received a deed without warranty and took possession. It has subsequently transpired that the bank's title was bad and Keith has lost the land.

152—12

The referee found certain facts and reported in favor of refunding the money. No exceptions were filed to the report, but the judge, upon examination of the evidence, ruled as follows: "The court disapproves the recommendation of the referee, and finds as a fact that said Keith purchased said tract of land from said receiver after a full disclosure by said receiver of his title to same and all facts and claims in regard thereto, especially the claim of John D. Kerr, and with full and complete knowledge of the title and claims to said land, and with notice from said receiver that he bought at his own risk. It is therefore considered and adjudged by the court that the petition be dismissed and that the receiver retain said money, the court in its discretion refusing the prayer of the petitioner."

It is contended that, no exceptions having been regularly filed to the report of the referee, his Honor was without authority to set aside the report.

The reference was not one made under the provisions of the Code of Civil Procedure, where a referee is appointed to hear and determine issues raised by the pleadings in a civil action. It is mere inquiry made at the direction of a chancellor who wishes to inform his conscience as to the justice of a demand made on a fund in his control. He may set aside *ex mero motu* the recommendation of the master or referee and examine into the facts himself.

As to the merits of the case, his Honor's findings appear to have little for the appellant to base his claim upon.

The authority relied upon by his counsel does not fit this case. *Etheridge v. Verney,* 80 N. C., 78. That was a judicial sale, where the decree operated directly upon the land sold, and the court was under a moral obligation to make a good title or else to refund the money, as it had not been paid out. The court had offered the property for sale, and not merely some one's interest in it. At time of his purchase the purchaser did not know of an outstanding claim, but heard of it before confirmation. The court allowed him what it cost to buy in the claim. The sale to Keith was not strictly a judicial sale, but only the closing out of the assets of an insolvent bank by a receiver, and partook more of the character of a sheriff's sale, where only the interest of the execution debtor is sold. *Rutherford v. Green,* 37 N. C., 122.

The findings of the court show conclusively that the receiver did not offer for sale a good and indefeasible title, but only such title as the bank had. It is presumed that the purchaser

paid only such price as he thought such title worth, as he knew all the defects before he bought.

It is adjudged that appellant Keith pay the costs of this Court.

Affirmed.

HOKE, J., concurring in result.