VAN B. MARTIN ET AL. V. L. VANLANINGHAM ET AL.

(Filed 13 May, 1925.)

**Statutes—Amendments — Procedure — Remedial Statutes—Actions—Insolvent Corporations—Receivers—Sales.**

> Under a statute amendatory of the procedure under an existing statute, the legislative intent, nothing else appearing, is presumed to be that it apply to existing actions and is remedial in its nature, and the statute of 1924 amending C. S., 1214, relating to the sale of the property of insolvent corporations by receivers under certain conditions, retaining the liens and priorities thereon as attached to the proceeds of the sale, is held to apply to pending actions theretofore commenced.

APPEAL by defendants from *Bond, J.,* at April Term, 1925, of HYDE. Controversy without action, heard upon an agreed statement of facts. From a judgment for plaintiffs, the defendants appeal.

*P. W. McMullan for plaintiffs.*
*Thompson & Wilson for defendants.*

STACY, C. J. The defendants have agreed to buy from the plaintiffs, receivers of the North Carolina Farms Company, the property belonging to said corporation, provided they can acquire a free and unencumbered title to said property. It is agreed that all things necessary have been done and that the facts presented properly bring the case under C. S., 1214 as amended by chapter 13, Public Laws, Extra Session, 1924, which authorizes a sale, under certain conditions, free and clear of any and all encumbrances, by the receivers of an insolvent corporation, of the property of such corporation. But it is debated between the parties here as to whether the amendment to this section can apply to the present proceeding, the same having been instituted before the passage of the amendment. The trial court held the whole statute, as amended, applicable, and, by consent, confirmed, in chambers, an order directing a conveyance of the property free and clear of all encumbrances. The correctness of this ruling is challenged by the appeal.

C. S., 1214 provides: "When the property of an insolvent corporation is at the time of the appointment of a receiver encumbered with mortgages or other liens, the legality of which is brought in question, and the property is of a character materially to deteriorate in value pending the litigation, the court may order the receiver to sell the same, clear of encumbrance, at public or private sale, for the best price that can be obtained, and pay the money into the court, there to remain subject to the same liens and equities of all parties in interest as was the property before sale, to be disposed of as the court directs." The amendment of

20 August, 1924, adds the following at the end of said section: "And the receiver or receivers making such sale is hereby authorized and directed to report to the resident judge of the district or to the judge holding the courts of the district in which the property is sold, the said sale for confirmation, the said report to be made to the said judge in any county in which he may be at the time; but before acting upon said report, the said receiver or receivers shall publish in some newspaper published in the county or in some newspaper of general circulation in the county, where there is no newspaper published in the county, a notice directed to all creditors and persons interested in said property, that the said receiver will make application to the judge (naming him) at a certain place and time for the confirmation of his said report, which said notice shall be published at least ten days before the time fixed therein for the said hearing. And the said judge is authorized to act upon said report, either confirming it or rejecting the sale; and if he rejects the sale it shall be competent for him to order a new sale and the said order shall have the same force and effect as if made at a regular term of the Superior Court of the county in which the property is situated."

Paragraph 19 of the agreed statement of facts in the case at bar is as follows: "That on the date of the appointment of said receivers of said North Carolina Farms Company, to wit, on 3 August, 1923, and at the time that each of the orders of sale was entered by Judge Devin, to wit, on 17 March, 1924, and on 5 May, 1924, and at the time that each of the orders of confirmation was entered by Judge Bond, to wit, on 13 September, 1924, 28 February, 1925, 13 April, 1925, the said North Carolina Farms Company was an insolvent corporation, its property was encumbered with mortgages, or other liens, the validity, legality, priority and amount of which were in question, and its property was further of such a character as to materially deteriorate in value pending the litigation; that, at the time the order of 13 September, 1924, confirming the sale to defendants, was made, the bid of said defendants, together with the report of said receivers was before the court; and that it was the intention of the court, in entering each of said orders of sale, to wit, on 17 March, 1924, and on 7 May, 1924, and in entering each of said orders of confirmation, to wit, on 13 September, 1924, 28 February, 1925, and 13 April, 1925, to authorize or confirm the sale of all the property of said North Carolina Farms Company, free and clear of all encumbrances, and to direct the execution of a deed in conformity with the terms thereof."

The orders of Judge Bond, which are questioned by the appeal, were entered after the passage of the amendment of 1924, and said orders were intended to be made, and were made, under and by authority of said amendment.

The statute·is a remedial one and relates only to the method of procedure in dealing with certain assets of an insolvent corporation. Such statutes, unless otherwise limited, are usually held to be applicable to pending litigation, where the language used clearly indicates that such construction was intended by the Legislature, and especially where no hardship or injustice results, and the rights of the parties are thereby better secured and protected. 36 Cyc., 1216.

"No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, prima facie it applies to all actions— those which have accrued or are pending, and future actions." 2 Lewis' Edition Southerland Statutory Construction, p. 1226.

But if this were not so, we see no reason why, upon the facts of the present record, a valid order of confirmation could not· be entered at term, directing the purchase money to be paid into court, there to remain subject to the same liens and equalities of all parties in interest as was the property before the sale to be disposed of under the direction of the court. *Lasley v. Scales,* 179 N. C., 578; *Roberts v. Mfg. Co.,* 169 N. C., 27; *Pelletier v. Lumber Co.,* 123 N. C., 596. However, this would seem to be unnecessary, as we think Judge Bond was authorized in entering the orders appealed from.

The decisions in *Hicks v. Kearney, ante,* 316; *Tate v. Davis,* 152 N. C., 177; *Bank v. Peregoy,* 147 N. C., 293, and *Construction Co. v. Brockenbrough,·*187 N. C., 65, in no way militate against this position.

There is no error appearing on the record, hence the judgment in all respects, will be

Affirmed.