SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. THE BOARD OF COMMISSIONERS OF LENOIR COUNTY, N. C.

(Filed 18 September, 1935.)

**1. Mandamus A a—**

    *Mandamus* will not lie except to enforce a clear legal right against a party under legal obligation to perform the act sought to be enforced.

**2. Counties F b—Action held one to enforce money demand against county and mandamus would not lie in absence of judgment against county.**

    Plaintiff alleged ownership of certain county bonds, and sought *mandamus* to compel the county to levy taxes sufficient to pay same. *Held:* The effect of the action is to enforce a money demand, and N. C. Code, 867, as amended by ch. 349, Public Laws of 1933, providing that *mandamus* should not lie in an action *ex contractu* to enforce a money demand against a county, city, town, or taxing district, unless the claim has been reduced to judgment, is applicable, and a demurrer to the complaint for its failure to state a cause of action is properly sustained.

**3. Constitutional Law E b—Ch. 349, Public Laws of 1933, held not to impair obligations of contract, but merely to change procedure.**

    Ch. 349, Public Laws of 1933, providing that *mandamus* should not lie in an action *ex contractu* to enforce a money demand against a county, city, town, or taxing district, unless final judgment had been obtained against defendant, is constitutional, since it does not impair the obligations of a contract, U. S. Const., Art. I, sec. 10; N. C. Const., Art. I, sec. 17, the effect of the statute being merely to alter the method of procedure in which there can be no vested right, and the change not being so radical as to take away all methods of procedure for the enforcement of contractual obligations.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1934, of LENOIR. Affirmed.

This is an action brought by the plaintiff to compel the county of Lenoir to levy taxes with which to pay bonded indebtedness alleged by the plaintiff appellant to be due it by said county. The plaintiff sought

a writ of *mandamus* to compel the commissioners of Lenoir County to include in its levy for 1934 a sufficient amount, in addition to all other taxes, to pay certain bonded indebtedness of said county, some of which the plaintiff appellant claimed in its complaint to have owned.

Summons in this action was returnable before the resident judge of the Sixth Judicial District at Chambers on 19 September, 1934, having been issued by the clerk of the Superior Court of Lenoir County, on 6 September, 1934. The defendant appellee demurred to the complaint on the grounds that the court had no jurisdiction and on the ground that the complaint did not state facts sufficient to constitute a cause of action, for that the action is in effect an application for a writ of *mandamus* against the county of Lenoir to enforce a money demand on alleged action *ex contractu* against said county of Lenoir, and for that an action will not lie until the plaintiff has complied with chapter 349 of the Public Laws of 1933, and for other grounds as set out in demurrer.

Upon hearing of the matter at Chambers, judgment was rendered, sustaining the demurrer on 25 September, 1934, by his Honor, Henry A. Grady, from which the plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Ruark & Ruark for plaintiff.*
*Guy Elliott and Wallace & White for defendant.*

CLARKSON, J. The following judgment was rendered in the court below: "This cause coming on to be heard at Clinton, N. C., by consent of the parties, and defendant having demurred on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and the court being of the opinion that this action cannot be maintained in view of chapter 349, Public Laws of 1933, it is therefore considered and adjudged that the demurrer be sustained, and the action is dismissed, at the costs of the plaintiff, to be taxed by the clerk." We think the judgment of the court below correct.

The extraordinary writ of *mandamus* is never issued unless the party seeking it has a clear legal right to demand it, and the defendant must be under a legal obligation to perform the act sought to be enforced. *John v. Allen,* 207 N. C., 520.

N. C. Code, 1931 (Michie), section 867, is as follows: "In application for a writ of *mandamus,* when the plaintiff seeks to enforce a money demand, the summons, pleadings, and practice are the same as prescribed for civil actions."

Public Laws 1933, ch. 349, is as follows: "SECTION 1. That section 867 of the Consolidated Statutes of 1919 be and the same is hereby amended by adding the following: *'Provided,* that in all applications

seeking a writ of *mandamus* to enforce a money demand on actions *ex contractu* against any county, city, town, or taxing district within the State, the applicant shall allege and show in the complaint that the claim or debt has been reduced to a final judgment establishing what part of said judgment, if any, remains unpaid, what resources, if any, are available for the satisfaction of the judgment, including the actual value of all property sought to be subjected to additional taxation and the necessity for the issuing of such writ.' "

In *August Belmont & Co. v. Reilly, Auditor*, 71 N. C., 260 (262), we find: "The plaintiffs are the holders and owners of certain bonds for the payment of money which they allege the State of North Carolina owes them and has refused to pay, wherefore they resort to this action for the enforcement of this demand, which is the most direct and efficacious remedy for collecting the money which the law affords them. The purpose of the action is the collection of the debt through and by means of this proceeding, either as a direct result or as one necessarily incident to and flowing out of the action. In a legal sense, it is as much a money demand as the old action of debt was, and in some respects it is more so, for here the party seeks to lay hold of a specific fund and appropriate it to the satisfaction of the demand. There is now, in this State, Art. IV, sec. 1, Const., but one form of action, and the writ of *mandamus* is but a process of the court in that action, the purpose of which writ is, in actions for money demands, to give the plaintiff a more speedy and effectual recovery of his debt than could be had in the ordinary way. The plaintiffs are seeking in this action, as the final result, termination, and fruit thereof, to collect the money due on their bonds. In every sense, then, practical and legal, this is, in the language of the Code, an 'application where the plaintiff seeks to enforce a money demand.' "

The plaintiff is seeking by writ of *mandamus* to enforce a money demand, which it cannot do, as it does not come within the terms of the statute above quoted of 1933.

The statute, ch. 349, Public Laws of 1933, does not impair the obligation of contracts, which is prohibited by the Constitutions of the U. S. and State of North Carolina. Const. of U. S., Art. I, sec. 10; Const. of N. C., Art. I, sec. 17.

The statute only effects the method of procedure. In *Martin v. Vanlaningham*, 189 N. C., 656 (658), the principle is laid down as follows: " 'No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights, where a new statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued or are pending, and future actions.' 2 Lewis' Edition Southerland Statutory Construction, p. 1226." *High Point v. Brown*, 206 N. C., 664 (668).

In *Bateman v. Sterrett,* 201 N. C., 59 (62-3), it is said: "It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principle embraces those which affect its validity, construction, discharge, and enforcement. . . . The result of the decisions on the subject is, that a change in the statutory method of procedure for the enforcement or exercise of an existent right is not prohibited by any constitutional provision, unless the alteration or modification is so radical as to impair the obligation of contracts or to divest vested rights. 6 R. C. L., 356."

For the reasons given, the judgment of the court below is
Affirmed.