MRS. ETTA DAYTON BYRD, WIDOW; IRENE BYRD AND LOUISA BYRD WEBB, DAUGHTERS; EDNA FORBES, GRANDDAUGHTER; BEATRICE WEBB AND J. LEE WEBB, GRANDCHILDREN OF MAC BYRD, DECEASED, v. HOWARD W. JOHNSON, EMPLOYER.

(Filed 15 October, 1941.)

**1. Master and Servant § 53c: Constitutional Law § 19—**

Ch. 352, Public Laws 1941, amending ch. 120, Public Laws of 1929, and providing that when an employer fails or neglects to keep in effect a policy of compensation insurance and fails to qualify as a self-insurer, claimant may institute a civil action for all compensation as may be awarded by the Industrial Commission and granting claimant in such action the ancillary remedies of attachment and receivership affects procedure only and does not disturb any vested rights.

**2. Same—Ch. 352, Public Laws 1941, is available to enforce payment of award although proceedings for compensation were instituted prior to enactment.**

Claimants instituted this civil action alleging that the Industrial Commission had awarded them compensation in a stipulated sum, that defendant employer had failed and neglected to keep in effect a policy of compensation insurance and had failed to qualify as a self-insurer, and that defendant was disposing of and removing all his property from the State. Plaintiff prayed that a writ of attachment issue against defendant's property. It appeared that the award of the Industrial Commission was entered 24 March, 1941. *Held:* The provisions of ch. 352, Public Laws 1941, in force from its ratification on 15 March, 1941, are available to claimants, and defendant's exception to the refusal of the court to vacate the writ of attachment theretofore issued in the cause is without error.

APPEAL by defendant from *Pless, Jr., J.,* in Chambers, 12 June, 1941. From YANCEY. Affirmed.

The complaint and affidavit upon which to obtain warrant of attachment is as follows:

"1. That Etta Dayton Byrd is one of the plaintiffs in the above entitled cause and is the widow of Mac Byrd, deceased.

"2. That the plaintiffs duly filed claim with the North Carolina Industrial Commission for compensation by way of death benefits on

account of the death of the said Mac Byrd while employed by the defendant, Howard W. Johnson, and the matter was heard before a member of the North Carolina Industrial Commission on January 30, 1941, and on the 24th day of March, 1941, an award or judgment was rendered and by the terms thereof it was adjudged that Mrs. Etta Byrd and Irene Byrd were entitled to compensation at the rate of $13.63 per week for 350 weeks; that the defendant pay all the hospital and medical bills; that the defendant pay the funeral costs, not to exceed the sum of $200.00; and that the sum of $5.00 as witness fees, plus 5c per mile for transportation from Bakersville, N. C., to Burnsville, N. C., and return be paid to Dr. Paul McBee and Dr. A. E. Gouge.

"3. That $13.63 per week for 350 weeks, would amount to $4,770.50.

"4. That the defendant failed and neglected to keep in effect a policy of insurance against compensation liabilities as provided by law and did also fail to qualify as a self-insurer, as provided by law.

"5. That under and pursuant to the laws of the State of North Carolina, as affiant is advised, informed and believes, the plaintiffs are entitled to a Warrant of Attachment, attaching all property of the defendant to be found in the State of North Carolina in order to preserve the rights to the plaintiffs pending the final determination of this cause. And this action is instituted in the Superior Court under and by virtue of an Amendment to Chapter 120 of the Public Laws of 1929, which Amendment was passed by the General Assembly of North Carolina in the year 1941. And for the purpose of attaching the property of the defendant, as provided by said amendment, plaintiffs pray the Court that this complaint be adopted and treated as an affidavit upon which to issue a Warrant of Attachment.

"6. That the defendant, Howard W. Johnson, is disposing of and removing all of his property from the State of North Carolina, for the purpose of defeating the payment of compensation to the plaintiffs or claimants in this cause.

"WHEREFORE, this affiant prays the Court that an attachment issue against the property of Howard W. Johnson on the grounds set forth in this affidavit and for a judgment for the sum of $4,770.50, together with the additional amounts shown in this affidavit and complaint, subject to the award and findings of the Industrial Commission of North Carolina."

A warrant of attachment was issued and certain property of defendant was levied on. The defendant entered a special appearance and made a motion to vacate the warrant of attachment. The court below allowed an amendment to the warrant of attachment and rendered the following judgment:

"This cause coming on to be heard, and being heard, before the undersigned Resident Judge of the 18th Judicial District, with all parties to the action being represented by the attorneys of record, and the Court in its discretion, allowing paragraph 6 of the complaint and affidavit to be amended as shown by the amendment filed by the plaintiffs, and it appearing to the Court that the motion to vacate the Warrant of Attachment should be denied:

"Now, Therefore, it is Ordered, Adjudged and Decreed by the Court that the defendant's motion to vacate the Warrant of Attachment issued in this action be, and the same hereby is, denied. This the 12th day of June, 1941. J. Will Pless, Jr., Resident Judge of the 18th Judicial District."

The defendant excepted, assigned error and appealed to the Supreme Court.

*McBee & McBee and Watson & Fouts for plaintiffs.*
*Charles Hutchins and Anglin & Randolph for defendant.*

CLARKSON, J. The only exception and assignment of error made by defendant was that "His Honor erred in rendering and signing judgment in this cause." The question involved: Was chapter 352 of the Public Laws of the General Assembly of North Carolina, ratified 15 March, 1941, available to plaintiff under the facts in this case? We think so.

Chapter 120, Public Laws 1929 (Workmen's Compensation Law), was amended as follows: Chapter 352, Public Laws 1941—

"Section 1. That Chapter one hundred and twenty of the Public Laws of one thousand nine hundred and twenty-nine, as amended, be further amended by adding after Section sixty-eight the following new Section, to be known as sixty-eight (a):

" 'Sec. 68 (a). That as to every employer subject to the provisions of this Act who shall fail or neglect to keep in effect a policy of insurance against compensation liability arising hereunder with some insurance carrier, as provided in Section sixty-seven of this Act, or who shall fail to qualify as a self-insurer as provided in the Act, in addition to other penalties provided by this Act, such employer shall be liable in a civil action which may be instituted by the claimant for all such compensation as may be awarded by the Industrial Commission in a proceeding properly instituted before said Commission, and such action may be brought by the claimant in the county of his residence or in any county in which the defendant has any property in this State; and in said civil action, ancillary remedies provided by law in civil actions of attachment, receivership, and other appropriate ancillary remedies shall be available to the plaintiff therein. Said action may be instituted

before the award shall be made by the Industrial Commission in such case for the purpose of preventing the defendant from disposing of or removing from the State of North Carolina for the purpose of defeating the payment of compensation any property which the defendant may own in this State. In said action, after being instituted, the court may, after proper amendment to the pleadings therein, permit the recovery of a judgment against the defendant for the amount of compensation duly awarded by the North Carolina Industrial Commission, and subject any property seized in said action for payment of the judgment so awarded. The institution of said action shall in no wise interfere with the jurisdiction of said Industrial Commission in hearing and determining the claim for compensation in full accord with the provisions of this Act. That nothing in this Act shall be construed to limit or abridge the rights of an employee as provided in Section 68 (b).'

"Sec. 2. That all laws and clauses of laws in conflict with the provisions of this Act are hereby repealed.

"Sec. 3. That this Act shall be in full force and effect from and after its ratification."

On 24 March, 1941, judgment was rendered by the North Carolina Industrial Commission (Hearing Commissioner) in favor of Mrs. Etta Dayton Byrd, widow, and Irene Byrd, daughter of Mac C. Byrd, in the sum of $4,770.50, hospital and medical bills, etc.

The warrant of attachment against defendant's property was issued after the passage of the above Act on 19 April, 1941. The Act does not disturb a vested right, impair a binding contract, or create a new obligation. If it did it would be void under the authorities in this State. *Hicks v. Kearney,* 189 N. C., 316; *Bank v. Derby,* 218 N. C., 653.

We think the Act effects only the remedy and so must be construed prospectively and retrospectively. As to retroactive laws, this Court (*Ashe, J.*), in *Tabor v. Ward,* 83 N. C., 291 (294-5), said: "It is well settled by a long current of judicial decisions, State and Federal, that the Legislature of a state may at any time modify the remedy, even take away a common law remedy altogether, without substituting any in its place, if another efficient remedy remains, without impairing the obligation of the contract. And whatever belongs to the remedy may be altered, provided the alteration does not impair the obligation of the contract. Cooley Const. Lim., 350. Laws which change the rules of evidence relate to the remedy only. They are at all times subject to modification and control by the Legislature and changes thus made may be made applicable to existing causes of action."

In *Gillespie v. Allison,* 115 N. C., 542 (548), we find: "No vested right of property has been disturbed, and, in our view, this is a remedial statute enlarging rights instead of impairing them. 'Statutes are reme-

dial and retrospective, in the absence of directions to the contrary, when they create new remedies for existing rights, remove penalties or forfeitures, extenuate or mitigate offenses, supply evidence, make that evidence which was not so before, abolish imprisonment for debt, enlarge exemption laws, enlarge the rights of persons under disability, and the like, unless in doing this we violate some contract obligation or divest some vested right.' *Larkins v. Saffarans,* 15 Fed. Rep., 147. These principles as to vested rights and retrospective laws are carefully discussed in the great and leading case of *Calder v. Bull,* 3 Dallas, 386. See, also, many cases collected in Myers on Vested Rights, ch. 1; *Hinton v. Hinton,* Phillips, 410; *Tabor v. Ward,* 83 N. C., 294." *Martin v. Van Landingham,* 189 N. C., 656 (658); *Bateman v. Sterrett,* 201 N. C., 59 (61-2); *Woodmen of the World v. Comrs. of Lenoir,* 208 N. C., 433.

In 16 Corpus Juris Secundum, at page 830, section 383, it is written: "Statutes directed to the enforcement of contracts, or merely providing an additional remedy, or enlarging or making more efficient an existing remedy, for their enforcement, do not impair the obligation of the contracts. In like manner, an act providing a remedy for the enforcement of an agreement which was theretofore unenforceable is valid."

For the reasons given, the judgment of the court below is

Affirmed.