72 S.E.2d 598 (1952)
236 N.C. 239
SPENCER
v.
McDOWELL MOTOR CO., Inc., et al.
No. 26.
Supreme Court of North Carolina.
October 8, 1952.
*601 Wilson & Wilson, Elizabeth City, for plaintiff appellee.
John H. Hall, Elizabeth City, for defendant Motor Co., appellant.
W. C. Morse, Jr., Elizabeth City, for defendant Ives, appellant.
WINBORNE, Justice.
I. The appellant Motor Company assigns as error, among others, portions of the charge as given by the court in respect to the third issue, that is, the issue as to contributory negligence of plaintiff (assignments of error numbers 9 and 10 based on its exceptions 24 and 26), and to the failure of the court to declare, explain and apply the law arising on the evidence on the third issue, particularly as it concerns or is addressed to the statute requiring pedestrians to walk on the extreme left-hand side of the highway and yield the right of way to approaching traffic, as provided for in G.S. § 20-174(a). (Assignment of error number 13 based on exception 29.) And the appellant Ives also assigns as error the same portions of the charge as so given. (Assignments 3 and 4 based on his exceptions 12 and 13.) These exceptions are well taken.
In this connection it is appropriate to turn to an act passed by the General Assembly, Public Laws 1937, Chap. 407, Article XI, now Part 11 of Chap. 20 of General Statutes, pertaining to rights and duties of pedestrians in respect to streets and highways in this State.
In Sec. 133 of the above Act, now G.S. § 20-172, it is declared that "Pedestrians shall be subject to traffic control signals at intersections as heretofore declared in this article, but at all other places pedestrians shall be accorded the privileges and shall *602 be subject to the restrictions stated in part eleven of this article." Then, after defining in Sec. 134, now G.S. § 20-173, pedestrians' right of way at crosswalks, it is further declared in Sec. 135, now G.S. § 20-174, that "(a) Every pedestrian crossing a roadway at any point other than within a marked cross-walk or within an unmarked cross-walk at an intersection shall yield the right-of-way to all vehicles upon the roadway", and that "(d) It shall be unlawful for pedestrians to walk along the traveled portion of any highway except on the extreme left-hand side thereof, and such pedestrians shall yield the right-of-way to approaching traffic."
The trial court after reading to the jury only the provisions of subsection (a) of Sec. 135, now G.S. § 20-174(a) above quoted, charged as follows: "I instruct you in that respect, gentlemen, that the provisions of that statute do not require a pedestrian on the highway to yield the right of way; the duty is imposed upon him under the terms of that statute to yield the right of way to traffic approaching from the front as they are going down the left side of the highway." This is the portion to which exception 24 relates.
In this connection there is evidence in the record from which it may be inferred that plaintiff was walking north along the highway on her right-hand side. Defendant Ives testified that when he first saw plaintiff she was facing more towards Elizabeth City than she was in the direction from which he was coming. And plaintiff herself testified: "I crossed the highway to the east shoulder; I turned and was walking left facing traffic, going south."
True, plaintiff also testified, "I just saw it (the convertible) coming facing me from the direction of Weeksville, towards Elizabeth City." This testimony is susceptible of the inference, as plaintiff contends, that she was walking south on her left-hand side of the highway.
Thus it was incumbent upon the trial court to give appropriate instruction in the light of both inferencesthat is, (1) the inference that plaintiff was walking on her left-hand side of the highway, and (2) the inference that she was walking on her right-hand side of the highway, as the jury may find the facts to be.
If she were walking on her left-hand side the statute says she "shall yield the right-of-way to approaching traffic". Hence we are constrained to hold that the portion of the charge to which exception is here taken reads into the statute more than it contains, and is calculated to mislead and confuse the jury.
On the other hand, if plaintiff were walking north on her right-hand side of the highway, this was in violation of the statute, G.S. § 20-174(d), and would be evidence of negligence to be considered in connection with surrounding circumstances as to whether she used reasonable care and caution commensurate with visible conditions. See Miller v. Lewis & Holmes Motor Freight Corp., 218 N.C. 464, 11 S.E. 2d 300; Tysinger v. Coble Dairy Products, 225 N.C. 717, 36 S.E.2d 246; also Templeton v. Kelley, 215 N.C. 577, 2 S.E.2d 696; Id., 216 N.C. 487, 5 S.E.2d 555.
As to Motor Company's Assignment of Error No. 10: The court, after charging on the burden of proof as to the third issue, stated the contentions of the plaintiff, and of the defendants as to how the issue should be answered in keeping with their respective contentions. Then the court instructed the jury: "If * * * you find by the greater weight of the evidence that at the time and place in question Mrs. Spencer, the plaintiff in this action, failed to exercise that degree of care a person of ordinary prudence would exercise in the position she occupied on the shoulder of the road as the car was approaching her and passed her and that by reason of the position in which she assumed or placed herself she caused the car to collide with and inflicting the injuries sustained about which she complains, or that was the proximate cause, it would be your duty to answer that issue Yes; or if you find by the greater weight and when I say `proximate cause' I mean contributing as a proximate cause or one of the proximate causes of the collision and injury, or (U) if you find by the greater weight of the evidence that at the time and place *603 in question the plaintiff Mrs. Spencer was walking on the right side of the highway in the direction in which she was going, and that in so doing she was acting in violation of the statute which I read to you, and that she was in plain view of the defendant Ives operating the automobile, or where with the exercise of reasonable care, she could have been seen or should have been seen; and that Ives negligently and carelessly failed to exercise that degree of care a person of ordinary prudence would exercise or due care to prevent the automobile from colliding with her, and that such negligence on his part resulted in and proximately caused the collision and injury, it would be your duty to answer that issue No, unless you so find you would answer it Yes. (V)."
The portion between letters U-V is subject of Exception 26.
In respect to this charge, the conduct of the defendant Ives is not the determinative factor as to whether plaintiff violated her duty, and whether such violation was a proximate or contributing cause of her injury. Hence the instruction, as so given, is erroneous.
II. Appellant Motor Company also excepts to portions of the charge in respect to the second issue, as to whether plaintiff was injured by its negligence, as alleged in the complaint, to which portions Assignments of Error 3 to 7, both inclusive, based upon exceptions 18 to 22, both inclusive, relate. These exceptions are untenable. They challenge the ruling of the court that the provisions of Chapter 494 of 1951 Session Laws of North Carolina are applicable to case in hand. This chapter is entitled "An Act to Provide New Rules of Evidence in Regard to the Agency of the Operator of a Motor Vehicle Involved in Any Accident". It is made a new section of Chapter 20 of General Statutes and is designated G.S. § 20-71.1. It provides in Sec. 1 that "(a) In all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be prima facie evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose.
"(b) Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment; Provided, that no person shall be allowed the benefit of this section unless he shall bring his action within one year after his cause of action shall have accrued."
In Sec. 2 it is declared that "The provisions of this Act shall not apply to pending litigation". And in Sec. 4 it specifies that "This Act shall become effective from and after July 1, 1951."
While appellant Motor Company does not contend that the Legislature is without authority to change the rules of evidence in the manner revealed in the language of 1951 Act, as above stated, it contends that under rules of interpretation the Act should not be given retroactive effect, that is, as to existing causes of action, as the trial court did in the case in hand. It seems clear, however, from the language of the Act that the Legislature intended that on and after 1 July, 1951, the only limitation upon the applicability of the Act is that it shall not apply to pending litigation, that is, litigation then pending. It is so expressly provided.
An action is pending from the time it is commenced until its final determination. And a civil action is commenced by the issuance of a summons. See among others the case McFetters v. McFetters, 219 N.C. 731, 14 S.E.2d 833.
Moreover, the maxim expressio unius est exclusio alterius, that is, that the expression of one thing is the exclusion of another, applies. From the fact that the Legislature expressly provided that the provisions of the Act shall not apply to *604 pending litigation, it may be implied that it should apply in all other cases.
In Tabor v. Ward, 83 N.C. 291, the Court declares that laws which change the rules of evidence relate to the remedy only, and are at all times subject to modification and control by the Legislature, and that changes thus made may be made applicable to existing causes of action. And it is pertinently stated: "Retrospective laws would certainly be in violation of the spirit of the Constitution if they destroyed or impaired vested right," but that "one can have no vested right in a rule of evidence when he could have no such right in the remedy," and that "there is no such thing as a vested right in any particular remedy." See also Byrd v. Johnson, 220 N.C. 184, 16 S.E.2d 843; B-C Remedy Co. v. Unemployment Compensation Commission, 226 N.C. 52, 36 S.E.2d 733, 163 A.L.R. 773; Stansbury's N.C. Evidence Sec. 6; Wallace v. Western N. C. R. Co., 104 N.C. 442, 10 S.E. 552.
Indeed, the case of Lowe v. Harris, 112 N.C. 472, 17 S.E. 539, 22 L.R.A. 379, on which this appellant relies, is distinguishable from case in hand.
III. Appellant Motor Company also assigns as error the failure of the trial court to declare and explain the law arising on the evidence, on the second issue, particularly as it concerns or is addressed to the defendant's documentary evidence, especially the invoice or conditional sales contract, defendants Exhibits 1, 2 and 3. This is Motor Company's Assignment of Error 14 based on its exception 30.
In the recent case of Lewis v. Watson, 229 N.C. 20, 47 S.E.2d 484, this Court in opinion by Ervin, J., reviewed decisions of this Court on the application of provisions of the statute G.S. § 1-180. Headnote 1 epitomizes the case as follows: "G.S., 1-180, requires the trial court to instruct the jury as to the law upon all substantial features of the case without request for special instructions, and a general statement of the law is not sufficient, but the court must explain the law as it relates to the various aspects of the evidence adduced and to the particular issues involved." In the light of this interpretation of the statute applied to case in hand, we are of opinion and hold that the point here made by the appellant is well taken.
IV. It may be noted that exceptions to the denial of motions of defendants for judgments of nonsuit are not assigned as error, nor are they brought up for review. Moreover, since there must be a new trial, and the matters to which other assignments of error are directed may not then recur, we deem it unnecessary to give to them express consideration.
For reasons stated, let there be a New trial.