RANDALL INSURANCE, INC. v. CHARLES J. O'NEILL.

(Filed 21 November 1962.)

**1. Appeal and Error § 44—**

If the president of plaintiff corporation testifies voluntarily on cross-examination that plaintiff carried liability insurance, and the question asked the witness did not necessarily call for such information, plaintiff may not complain of the error it thus induced.

**2. Automobiles § 54f—**

Where the president of plaintiff corporation testifies that he was authorized to use plaintiff's vehicle in going to and from his home, plaintiff may not make a contrary contention that its president, in driving to his home on the occasion of the accident in suit was on a purely personal mission.

**3. Same; Limitation of Actions § 3—**

Even though at the time of the accident the one-year limitation of G.S. 20-71.1 is in effect, if, at the time of the trial, the limitation has been removed (Chapter 975, Session Laws of 1961), the presumption of the statute may be invoked even though at that time more than a year had elapsed since the accident, since statutes which change the rules of evidence relate to the remedy only and are at all times subject to modification and control by the Legislature.

APPEAL by plaintiff from *Mallard, J.,* March 12, 1962 Term, WAKE County Superior Court.

The plaintiff instituted this civil action to recover $1,235.78 damages to its new Renault Dauphine automobile allegedly caused by the actionable negligence of the defendant. The defendant answered, denying negligence, and setting up a counterclaim for $250.00 damages to his 1949 Chevrolet allegedly caused by the negligence of the plaintiff.

The collision occurred on Downtown Boulevard in Raleigh at about 5:45 p.m. on February 24, 1960, as Harry Randall, plaintiff's president, drove the Renault north in the middle of the three lanes for traffic in that direction. Randell attempted to cross to the right-hand lane in which the defendant was also driving north. Traffic was heavy. The plaintiff contended, and offered evidence tending to show, its driver had completed the crossover in safety and the defendant negligently ran into its vehicle from the rear. The defendant contended, and offered evidence tending to show, that the plaintiff's driver crossed over into the defendant's traffic lane without proper signal and when it was unsafe for him to make the movement. Each driver claimed the other's negligence was the sole proximate cause of the collision and property damage.

The answer setting up the counterclaim was filed subsequent to July 18, 1961. The exact date does not appear in the record. The plaintiff, by reply, challenged the right of the defendant to set up a counterclaim against the plaintiff upon the ground the evidence showed that Harry Randall was using the Renault not on plaintiff's business, but on a private mission of his own.

Harry Randall testified he kept and used the plaintiff's vehicle by company authority which included its use at any time after or before business hours; that by company authority he used it for transportation to and from his home, and for storage which was not available at the plaintiff's office.

On proper issues the jury determined Harry Randall was plaintiff's agent; that his negligence proximately caused the collision; that defendant was not negligent; that the defendant recover $200.00 on his counterclaim.

From the judgment on the verdict, the plaintiff appealed.

*Dupree, Weaver, Horton & Cockman by Jerry S. Alvis for plaintiff appellant.*

*Teague, Johnson & Patterson by I. Edward Johnson, Robert M. Clay for defendant appellee.*

HIGGINS, J. One of plaintiff's exceptions involved the admission of evidence with respect to the damage to the Renault. On cross-examination, Mr. Randall, president of the plaintiff, was asked if he sold the vehicle for salvage. He replied, no. He was then asked who did

sell it. He replied: "The adjuster for the insurance company that carried my company's fire, theft and collision insurance." When asked who sold the vehicle, he could have answered, giving the name of the seller or the auctioneer, or, if he did not know, he could have said so. Instead, he gave the reply above quoted, volunteering the information as to his company's fire, theft and collision insurance.

The court refused to strike the evidence upon the ground the plaintiff's president had himself volunteered the statement. The refusal to strike is the subject of plaintiff's assignment of error No. 1. The plaintiff cannot be heard to complain of an error it induced. *Brittain v. Blankenship*, 244 N.C. 518, 94 S.E. 2d 489. Other objections to evidence are inconsequential.

The plaintiff's assignment of error No. 8 challenges the court's charge that proof of ownership of a motor vehicle involved in an accident is *prima facie* evidence the vehicle at the time of the accident was being used with the owner's authority, and in connection with the owner's business. The president of the company testified the plaintiff authorized him to use the vehicle in going to and from his home so that he would have it handy for company business before and after office hours; and also as a means of providing storage not available at the company's office. To permit the company to defend now upon the ground that Mr. Randall was using the vehicle on a private mission would be blowing both hot and cold. The statute and the evidence were sufficient to support the affirmative answer to the issue of agency.

The charge of the court on the *prima facie* presumption which follows proof of ownership was in accordance with the law in effect at the date of the trial. The presumption relates to the rule of evidence and procedure rather than to substantive rights. "In *Tabor v. Ward*, 83 N.C. 291, the Court declares that laws which change the rules of evidence relate to the remedy only, and are at all times subject to modification and control by the Legislature, and that changes thus made may be made applicable to existing causes of action." *Spencer v. Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598.

It is true, at the time of the accident the *prima facie* presumption arising from proof of ownership applied only to actions brought within one year. However, the General Assembly, by Chapter 975, Session Laws of 1961, struck out the one year limitation. Consequently at the time of the trial the limitation had been removed. Under *Spencer v. Motor Co., supra*, the defendant was entitled to the benefit of the presumption, although more than one year had elapsed between the date of the accident and the date he filed his counterclaim.

We have examined all assignments of error relied on by the plaintiff. They are without merit.

No error.